Knight & Gluck, Youngstown, for plaintiff in error.

Wm. E. Pfau, Youngstown, for defendant in error.

## GROBSTEIN v BISHOP

Ohio Appeals, 7th Dist, Mahoning Co
Decided Oct 23, 1931

ROBERTS, J.

It is somewhat difficult to determine very precisely the mental attitude of the jury in this case. Counsel for plaintiff in error suggests that the case by reason of the manner of questioning of witnesses by counsel for the defendant in error, that it developed in the minds of the jury into a sort of a joke and was not considered seriously. However, we do not find anything in the record to indicate any improper conduct or anything along the lines suggested upon the part of the attorney for defendant in error.

A very considerable portion of the testimony was directed, so far as the defendant's witnesses were concerned, to the effect of the collision upon the wagon and to its very dilapidated condition. Three witnesses were called who testify particularly upon this proposition, who were friends and neighbors of Mr. Bishop and their testimony indicates a decided and ardent desire to minimize this acident so far as the plaintiff was concerned, and were permitted to testify at an unusual length concerning the condition of the wagon after the accident. That was not really in issue because the plaintiff did not own the wagon and claims nothing for any injuries to it. Perhaps this testimony might be competent to some extent as indicating the violence of the collision. However, it is of no particular importance because Bishop admits he struck the wagon at the rate of twenty miles an hour, notwithstanding one of his friends who claims to have witnessed the collision, claims he was only going ten miles an hour, and, if my memory is corect, this witness also says that he saw the plaintiff fall over backwards from the seat. The testimony, however, developed the proposition that the curtains were down and he couldn't have seen the plaintiff fall. This is the substance of the testimony by other witnesses.

The plaintiff testified, as before stated, so far as his condition was concerned, that within a few moments after the accident he crawled out of the wagon, stood around a few minutes, commenced to suffer pain, particularly in his back, leaned up against a tree for a while and finally was taken home by Mr. Bishop. Soon afterwards he called a doctor, Dr. Davidow, who treated him for a considerable time, that later the plaintiff went to New York and was treated there for a month by a physician of that city for his injuries, finally came back, and, as he claims, was disabled from work, suffered a good deal of pain and was unable to resume his work as junk dealer until about Easter day following, and at the time of the trial claimed he was still unable to perform duties in the lifting of heavy materials as he had theretofore been accustomed to do. Plaintiff goes quite fully into his symptoms and conditions and suffering. Dr. Davidow testifies at considerable length, not only concerning the subjective symptoms, what was told him by the patient, but also to objective symptoms; for instance, that in the region of the sacro iliac joint, where plaintiff claims to have suffered, there was a marked rigidity of the muscles, a condition which the patient could not assume, nor concerning which could he malinger.

Dr. Phipps was called by the defendant and says in his testimony in response to a question to the effect that he has been accustomed, or has in the past testified for this same attorney, and it is said that he usually testifies for defendants. The result of his examination, as stated by him, was that he discovered no objective symptoms, and whether a conclusion was reached that the plaintiff was injured or was not depends upon the proposition as to whether the plaintiff was or was not believed. He does not undertake to say, however, that the plaintiff was not suffering from injuries, but simply that he discovered no objective symptoms, that no conditions indicating injuries were apparent to him.

Now, under this situation the cause was submitted to the jury, with the results sug-

gested. This court is mindful of the fact that it is not its province to determine the weight of the evidence, but we apprehend it is to determine whether or not there is any evidence upon essential propositions involved in litigation that has been submitted to the jury. It has been said it is a rather strange case. This man's testimony was wholly ignored by the jury. Presumably he did testify untruthfully in several matters, as to the extent of the injury to the wagon, in which he was not interested, and in denying that he had some years before brought an action for personal injuries against a Traction Company. He admitted he brought an action and said as he recollects it was for injuries sustained by his boy, who was accompanying him at the time. So far as his testimony is concerned of injuries in this case, it is not contradicted.

It would seem that there was testimony in this case indicating injuries on the part of the plaintiff. Of course the court ordinarily instructs the jury, and perhaps does in this case, that it may believe or disbelieve a witness, or believe part and not believe other parts of the testimony. The doubtful proposition is, however, as to whether a jury may simply by strong arm methods effectually say that a witness' testimony is wholly false.

There is another proposition which may be suggested in connection with this case, and that is that even tho in the opinion of the jury if there were no actual damages sustained, that nevertheless that where there has been a wrong, such person is entitled to at least nominal damages, citing S. R. C. L., 423:

"Nominal damages are those recoverable where a legal right is to be vindicated against an invasion that has produced no actual present loss of any kind, or where there has been a breach of contract and no actual damages whatever have been or can be shown, or where, under like conditions, there has been a breach of a legal duty."

Again, on page 426:

"The right to recover nominal damages is not dependent upon proof of substantial injury or special damage. Thus they are recoverable if no measure of damages is furnished beyond the mere commission of a tort, or for an inappreciable injury to real property, or where property having no pecuniary value is injured or destroyed."

Under the text a very large number of cases are cited in support of it. Without taking time to read further we also cite 17 C.J., 720, 724, where many cases are also cited, 18 L.R.A., N.S., 250; 19 Am. Rep., 12; **30 Oh St**, 555 and 568. So it would seem apparent, in any event, that there concededly having been an invasion upon the legal right of this plaintiff to immunity from a tort or unlawful act such as the defendant admits, that the verdict should have been in favor of the plaintiff. We make no suggestion as to the amount of damages, but, as suggested, there are at least nominal damages even if the court could not feel justified in going any further.

The judgment of the Court of Common Pleas is reversed and the cause remanded.

FARR, J, concurs, and POLLOCK, J, concurs in the judgment, but not in the proposition of nominal damages.