Zimmerman, J.
 

 Seeking a reversal of the judgment below, plaintiff relies upon two errors which she asserts are prejudicial.
 

 
 *526
 
 (1) Error on the part of the trial court in requiring plaintiff to elect whether to proceed on a claim of direct injury to the heart or of aggravation of a preexisting heart condition.
 

 (2) Error in submitting to the jury a form of verdict for the defendants and receiving a verdict for the defendants.
 

 With regard to the first error assigned, the typewritten bill of exceptions discloses that plaintiff and other of her witnesses testified that her general health was good prior to the collision. There was no evidence introduced from which it could be found that any previous heart ailment with which plaintiff may have been afflicted was aroused or aggravated by her experience in the collision of October 3, 1937. There was some medical evidence, however, from which an inference, could be drawn that injury received by plaintiff in the collision was responsible for an impaired heart, causing complications which necessitated the later amputation of one of her legs.
 

 The evidence on the trial then failing to support the claim that a latent heart condition was aggravated, we think the court was warranted in sustaining the defendants’ motion to require the plaintiff to choose which of the two claims she would rely upon. Pursuing a different course, the defendants might have moved the court, at the close of the evidence, to withdraw the alternative claim from the consideration of the jury, but we deem the motion as made within the rights of the defendants. As a matter of fact, the sustaining of either of the motions described would' accomplish the same result.
 

 As to the second error advanced, the court might properly have submitted to the jury but one form of verdict, and that for the plaintiff. In their opening-statements, counsel for the defendants conceded neg
 
 *527
 
 ligence as to the collision, and an impartial reading of these statements, together with some of the questions asked during the trial, lead to the conclusion that defendants admitted plaintiff received an abrasion on her right elbow, due to the collision. Consequently, the submission of a verdict form for the plaintiff alone would have been technically correct.
 

 However, this abrasion was slight, its treatment cost plaintiff nothing, it was given little attention in the presentation of the case, plaintiff was not incapacitated from performing her work on account of it, and she suffered no financial loss of any kind in connection with it.
 

 Under these circumstances, the submission of the two forms of verdict — one for the plaintiff and the other for the defendants — was not an error of such magnitude or prejudice, in our opinion, as to call for reversal.
 

 The verdict form for the plaintiff was before the jury, and if it had found that plaintiff sustained any real injuries by reason of the collision, it had full opportunity of awarding her damages. Plaintiff does not assert any errors as to the admission or exclusion of evidence, or as to the charge of the court.
 

 Finding no prejudicial error therefore in the judgment of the Court of Appeals, such judgment is affirmed.
 

 Judgment affirmed.
 

 Matthias, Williams and Turner, JJ., concur.
 

 Weygandt, C. J., Hart and Bell, JJ., dissent.