**PETERS, Plaintiff-Appellant, v. DENSMORE, Defendant-Appellee.**

Ohio Appeals, Seventh District, Lake County.

No. 559. Decided September 8, 1955.

Sieman, Sieman & Sieman, Cleveland, for plaintiff-appellant.
Robert D. Soules, Painesville, for defendant-appellee.

## OPINION

By PHILLIPS, PJ.

Plaintiff, a passenger on a Central Greyhound Lines bus enroute to Painesville, Lake County, Ohio, alleged in his petition filed in the court of common pleas that he was injured as the result of defendant's negligence in operating an automobile from a secondary street into collision with the bus, in violation of a stop sign situated on the secondary street for the protection of traffic moving over and along the main highway on which the bus was being operated about 12:07 A. M. on the morning of October 21, 1952.

By answer defendant admitted liability but specifically denied by answer and opening statement in the trial court, and by argument here, that the plaintiff sustained any of the injuries which he claimed to have sustained as the result of the collision of defendant's automobile with such Greyhound bus.

The jury returned a verdict for the defendant, upon which the trial judge subsequently duly entered judgment, and from which the plaintiff appealed to this court on questions of law.

By his first assigned ground of error plaintiff maintains that "the court committed prejudicial error in failing to direct a verdict for the

plaintiff upon the pleadings and opening statement, and to instruct the jury to determine only the amount of damages, if any, due the plaintiff for his injuries, pain, suffering and other expenses."

In support of this assigned ground of error plaintiff argues by brief:—

"It is our contention that even though plaintiff's counsel, through oversight, failed to request that the court direct a verdict for the plaintiff on the pleadings and opening statements, that taking into consideration the clear-cut admission of negligence on the part of the defendant, the lower court had a duty upon its own motion and initiative to direct a verdict for the plaintiff and to instruct the jury to render a verdict in whatever money amount they felt would compensate him."

We have considered the evidence of plaintiff's injuries, which revealed that he was suffering from an "irritation of the covering of the muscles" and injuries to the neck and lumbar regions, and the conflicting evidence as to the cause of such injuries, and reach the conclusion that the evidence presented a question for the determination of the jury as to whether plaintiff sustained the burden of proof imposed upon him to prove to the jury by the preponderating weight of the evidence that his claimed injuries resulted from the collision of defendant's automobile with the Greyhound bus in which he was riding, which burden we conclude he failed to carry.

The trial judge did not err to plaintiff's prejudice in the respects urged in his first assigned ground of error.

By his second assigned ground of error plaintiff charges that "the court erred and committed error prejudicial to the plaintiff by submitting two forms of verdict to the jury for their consideration in their deliberations."

Supporting this assignment of error plaintiff cites the case of **Haines v. Cleveland Railway Company, et al, 141 Oh St 523**, and argues in support of his contention that:—

"Having failed to direct a verdict for the plaintiff upon the pleadings and opening statement under the admitted liability so clearly admitted by the defendant, the court at the very least had a duty to submit but one form of verdict to the jury at the close of all the evidence, and that should have been a plaintiff's verdict form. We submit that the court committed prejudicial error in giving to the jury two forms of verdict, one for the plaintiff and one for the defendant."

The cited case of Haines v. Cleveland Railway Company, supra, in which the Chief Justice and two judges of the Supreme Court dissented, is distinguished from the case under consideration by the fact that in that case defendant admitted injury to the plaintiff as well as liability, while in the case under consideration defendant admitted liability but denied that plaintiff's injuries resulted from such collision.

Under the facts in the case we review we conclude that the trial judge could do nothing but submit two forms of verdict to the jury for the reason, as stated by defendant's counsel by brief, "that the mere fact that liability is admitted does not, in itself, mean that the plaintiff was injured or is entitled to recover," as no implication can be drawn from the testimony of defendant's medical witness Duncan that the injuries

of which plaintiff complained resulted, or might have resulted, from the collision of defendant's automobile with the Greyhound bus in which plaintiff was riding.

The trial judge can not be charged with the error claimed in plaintiff's second assigned ground of error.

In his third and fourth assigned grounds of error plaintiff contends that:—

"3. The court erred in admission of improper evidence offered by the defendant over the objection of the plaintiff, to which plaintiff took his objection and exception.

"4. The verdict of the jury appears to have been given under the influence of passion and prejudice."

Plaintiff states by brief that these two assigned grounds of error are argued together:—

"* * * inasmuch as they each have a direct bearing upon the other as the introduction of certain inadmissible evidence helped to create an abundance of passion and prejudice, against this plaintiff.

"One of the most glaring examples of prejudicial error committed by the trial court was its admission of a written statement admittedly signed by the plaintiff on November 12, 1952, some three to four weeks after the happening of the collision and the resultant injuries."

This statement was admitted over plaintiff's objection. In it he stated "I was involved in an accident and as far as I know I was not injured."

Asked why he had signed the statement he said "I thought that pain would leave, I didn't want to make an issue of the matter."

With reference to this statement plaintiff contends:—

"* * * that a signed written statement of this sort in order to be admissible into evidence must be an admission against interest, not self-serving or a statement of mere conclusions, and before such statement might be admitted for impeachment purposes, there must be some inconsistent or contradictory testimony or answers on the part of the plaintiff. A search of the record will show that nowhere did the plaintiff deny making and signing the written statement, and nowhere was there any contradictory or inconsistent testimony concerning the signing of said written statement."

In the plaintiff cited case of **Babbitt v. Say, Admr., 120 Oh St 177**, upon which plaintiff relies to support his contention of prejudicial error in the admission of such statement, the supreme court held that:—

"* * * it is not prejudicial error to refuse admission of such written statement in connection with the cross-examination of such witness, there being no denials that would show contradiction and thus lessen the credit of the witness."

As to whether the bill of exceptions reveals contradictory or inconsistent testimony concerning such statement plaintiff testified as outlined by defendant's brief that:—

"* * * the accident happened on the 21 day of October, 1952; that he had a congenital back condition and that he had sustained an injury to his back prior to the date of this accident, and that he had been

under the care of Dr. Humphries at the Cleveland Clinic, who had been treating him at regular and frequent intervals over a long period of time; that on the 6 day of November, 1952, being approximately two weeks after the accident, the plaintiff again went to Dr. Humphries and that on the 12 day of November, 1952, which was approximately three weeks after the accident and approximately one week after he had visited Dr. Humphries on November 6, 1952, the plaintiff made the statement that as far as he knew, he was not injured in any way in the accident. However, in other portions of the plaintiff's testimony, he states that in the accident his brace was bent and he suffered pain and discomfort the morning following the accident; the two statements in respect to their contents and time being wholly inconsistent, one with the other."

Defendant contends that "the plaintiff does attempt to contradict his statement by attemping to qualify and negative that portion which states that so far as he knew he was not injured."

With reference to the claimed error of cross-examination of plaintiff by defendant relative to other accidents prior and subsequent to the collision under consideration in our opinion the defendant was entitled to establish the fact of such injuries on cross-examination, especially since plaintiff did not object except to questions asked about an automobile collision in which plaintiff was involved in Ashtabula on July 11, 1953, the objection then being as to the materiality of the question: "What damage was done to the other car," and to pertinency of the question "how fast were you going."

Plaintiff agrees "that defense counsel has a right to question as to other incidents to test plaintiff's veracity and credibility, but the defendant certainly has no right to go into detail when there is no plausible direct connection between certain incidents and the injuries claimed by the plaintiff"; but contends that "the plaintiff has the right to have the issues concerning the nature, extent and permanency of his injuries decided by the jury, free and clear from any and all extraneous matters which are inflamatory, prejudicial, and which only serve to sidetrack, confuse and create passion and prejudice in the minds of the jurors, all to the detriment of a fair and impartial consideration on their part of plaintiff's claims."

We find no merit in plaintiff's foregoing contention nor complaint that:—

"* * * a situation existed which often is presented upon the trial of a case in a smaller county such as Lake County. The original panel of jurors had four or more jurors who were at the time or previous thereto clients or past clients of the attorney representing the defendant. We could not challenge said jurors for cause inasmuch as we felt the court would not discharge them because of such relationship as long as they stated under oath that their acquaintanceship with defense counsel in a business way would not interfere with their being fair and impartial. However, because the verdict rendered in this case is shocking to the conscience and certainly substantial justice has been done this plaintiff (sic), we feel that said relationship along with the submission

of the two forms of verdict in addition to the reference to other inadmissible evidence of previous and subsequent accidents, plus the important error of admitting the written statement, all in sum total caused a verdict for the defendant to be rendered under passion and prejudice."

We cannot conclude that by reason of any of the foregoing errors that "a gross miscarriage of justice has been done in this case."

Now we come to consider plaintiff's fifth assigned ground of error that "the verdict and judgment entered thereon are manifestly contrary to the great and undisputed weight of the evidence and are not sustained by sufficient evidence."

We concur in the statement made by brief by counsel for the defendant that:—

"An examination of the record will show continuous and repeated evasiveness on the part of the plaintiff while testifying. The record further shows that at no time did the plaintiff suffer any direct or indirect loss from wages, income, time at work or time in school. The record further shows that he had a congenital condition of the back; that he had suffered prior injuries to his back; that no other passenger upon the bus sustained any injuries of any kind, according to the testimony of the police officer who testified for the plaintiff; that the plaintiff had been under the care of Dr. Humphries at the Cleveland Clinic, who treated him at frequent intervals and who was constantly straightening the brace worn by the plaintiff. Dr. Duncan testified that he could find absolutely nothing wrong with the plaintiff which could be related in any way to the bus accident. Therefore, as I view this case, this court of appeals can come to but one conclusion, and that is, that the jury, who observed the demeanor and heard the evidence of all of the witnesses, are the ones best suited to determine whether or not the plaintiff sustained those injuries complained of. We cannot agree with the plaintiff that there was anything which transpired during the trial of this case which would give rise to passion or prejudice.

"It is true that the plaintiff incurred some medical expense after this accident, but it was apparently obvious to the jury that any medical expenses incurred were merely a continuation of the long series of treatments which the plaintiff had undergone prior to the accident."

The simple question in the case is: Did plaintiff sustain the injuries, or any of them, of which he complains in his petition as the result of the collision of the defendant's automobile with the bus on which plaintiff was riding on October 21, 1952?

The jury answered that question in the negative, and we cannot disturb its verdict on any of the grounds urged by the plaintiff.

Appellant's counsel has failed to call our attention to "other errors apparent upon the face of the record," as alleged as a ground of error, or to comply in respect thereto with the provisions of Rule VII of this court that his briefs "shall contain a statement of the questions presented and a succinct statement of so much of the cause, referring to the pages of the record, as is necessary to show how the questions arose, together with a statement of the authorities relied upon." Accordingly we will not pass upon this assigned ground of error.

312

The judgment of the court of common pleas is affirmed.

GRIFFITH, J, concurs.
NICHOLS, J, concurs in judgment.