Keens, J.
Two questions are presented for determination in this appeal. The Court of Appeals, having decided the first issue in favor of the defendant, did not reach the second issue.
The first question presented is whether the trial court erred in directing a verdict for the plaintiff on the question of negligence, and, to avoid any misunderstanding concerning the facts of the case, we deem it necessary at the outset to quote briefly from the record. Upon cross-examination, the defendant testified, as follows, as to how the trailer became detached from his automobile:
“Q24. How did the trailer become detached from the car? A. The bumper broke. When it came loose, the bolt broke between the two links.
*407 < t * * *
“Q28. The chain did not break? A. The bolt broke. I had it linked over the trailer and a bolt through the links and the bolt broke.
Í < # # *
“Q35. How do you account it getting loose from the trailer? A. My bumper broke.
“Q36. Your whole bumper came off? A. No, it just broke in the two spots where the trailer — see, this hitch comes down, goes up under your bumper like that, and it had broke both places where the trailer — or the hitch was hooked onto the bumper.”
As we understand this testimony, the whole bumper did not come off the towing vehicle. It appears rather that the trailer finally became completely detached from the defendant’s automobile because the bolt between the links of the safety chain broke.
The use of trailers is, of course, subject to certain legal requirements. Section 2139.20 of the Ordinances of the City of Columbus, provides, in part:
“* * * every trailer shall be coupled with stay chain or cables to the vehicle by which it is being drawn, which chains or cables shall be of sufficient size and strength to prevent parting from the drawing vehicle, should the regular coupling device break or become otherwise disengaged.”
Section 4513.32, Eevised Code, provides in part as follows:
“When one vehicle is towing another vehicle, the drawbar or other connection shall be of sufficient strength to pull all the weight towed thereby, and said drawbar or other connection shall not exceed fifteen feet from one vehicle to the other, except the connection between any two vehicles transporting poles, pipe, machinery, or other objects of structural nature which cannot readily be dismembered.
¿ Í * * #
“In addition to such drawbar or other connection, each trailer and each semitrailer which is not connected to a commercial tractor by means of a fifth wheel shall be coupled with stay chains or cables to the vehicle by which it is being drawn. *408 Said chains or cables shall be of sufficient size and strength to prevent the towed vehicle’s parting from the drawing vehicle in case the drawbar or other connection should break or become disengaged. In case of a loaded pole trailer, the connecting pole to the drawing vehicle shall be coupled to the drawing vehicle with stay chains or cables of sufficient size and strength to prevent the towed vehicle’s parting from the drawing vehicle.”
In the present case, it is clear that the drawbar, coupling device and all other connections, whatever they may have been, did become disengaged, thus leaving the course of the trailer dependent upon the safety chain. It is equally clear that the stay chain used by the defendant was not of sufficient strength to prevent the towed vehicle’s parting from the drawing vehicle. Admittedly, the bolt broke, and, within the scope of the governing ordinance and statute, the connecting bolt was an integral part of the chain. Looking to substance rather than form, the pertinent legislation clearly anticipates that the instrument or device used to connect links of the chain would have to be as strong as the required strength of the chain itself. Otherwise, the connection manifestly could, and in this case apparently did, reduce the chain, regardless of its size, to a mere ornament, thus defeating the specific requirements and salutary purpose of the legislation under consideration.
On the other hand, any argument that the bolt was no part of the chain could only defeat itself, because if the bolt was no part of the chain, neither did it meet the legislative requirement of “chains” of sufficient size and strength to prevent parting from the drawing vehicle.
In either event, the statute and the ordinance were violated, and the defendant was thereby chargeable with negligence per se.
After an examination of all the evidence, we are satisfied that the trial court properly sustained the plaintiff’s motion for a directed verdict on the question of negligence.
The second question presented herein is whether the trial court erred in submitting only one form of verdict to the jury. The defendant contends that it was prejudicial error to do so. However, this court did not share that view in the case of Haines *409 v. Cleveland Ry. Co., 141 Ohio St., 523. Although a majority of the court in that case concluded that it was not prejudicial error to submit two forms of verdict, the court was unanimously of the opinion that it was proper to submit but one form of verdict.
In the case now under consideration, the record discloses evidence of injuries to the plaintiff as a result of the collision, and the trial court correctly charged the jury that the plaintiff was not entitled to recover anything if it should find that such injuries did not result therefrom. Specifically, the court, after directing a verdict on the issue of negligence, instructed the jury as follows:
“That means simply that there remains for you but two decisions: first, has the plaintiff proved by a preponderance of the evidence that the injury of which she complains is due to the accident. Now, if you, ladies and gentlemen, conclude that such injury is not due to the accident, or, to phrase it a little differently, if the injury complained of is not the direct result of the injury [sic], then the plaintiff is not entitled to recover anything even though the defendant is found by the court, and you are directed to find, that he was negligent.
“Now, if you find that the plaintiff has established by a preponderance of the evidence that the accident was the proximate cause of her injury; that the injury sustained, rephrasing it, is due to the accident, then you must determine the amount of her actual damage, and determine that figure.”
This charge was abundantly fair to the defendant in view of the testimony of the defendant’s only medical witness to the effect that he could not state that the plaintiff received no injuries from the accident. Furthermore, the form of verdict, when considered in conjunction with the charge of the trial court, did not preclude the jury from finding that no compensation was due the plaintiff. In the general charge, the court apprised the jury four different times that the burden was on the plaintiff to show that the accident was the proximate cause of her injuries. Accordingly, we perceive no prejudicial error from the submission of a single form of verdict to the jury in this case.
*410 The judgment of the Court of Appeals is reversed, and the judgment of the Court of Common Pleas affirming the judgment of the Municipal Court is affirmed.

Judgment reversed.

Taft, C. J., Zimmerman, Matthias, O’Neill, Griffith and Gibson, JJ., concur.
Kerns, J., of the Second Appellate District, sitting by designation in the place and stead of Herbert, J.