YOUNCE ET AL., APPELLANTS, v. BAKER, APPELLEE.

[Cite as Younce v. Baker, 9 Ohio App. 2d 259.]

(No. 3014—Decided May 27, 1966.)

*Messrs. Hamrick, LeCrone & Parks* and *Messrs. Sharts,.
Singer & Brown,* for appellants.

*Messrs. Altick & McDaniel,* for appellee.

CRAWFORD, J. This is an appeal from judgments for the defendants in three cases which were consolidated for trial. Three actions were brought, one by Elizabeth P. Younce, one by her minor daughter, Gloria Jean Younce, and one by her husband, Raymond F. Younce, for personal injuries allegedly sustained by the first two and for loss of services and consortium of his wife, and medical expenses of his minor daughter, sustained and incurred by Raymond F. Younce. It is alleged that the injuries resulted when an automobile in which Elizabeth P. Younce was

driver and Gloria Jean Younce was passenger was struck from the rear by an automobile driven by defendant on September 22, 1962.

Defendant admitted negligence on his part proximately causing the collision, but denied injury and damages to plaintiffs.

The only form of verdict submitted to the jury in each case was for the plaintiff. The court instructed the jury that if they found no injury and no damage they should write the word "none" in the blank provided for an amount. This the jury did in each case. Judgments for defendant were entered on these verdicts.

There are six assignments of error. The first is that the court erred in permitting the jury to return a verdict for no damages. The argument is that it was error to deny plaintiffs even nominal damages.

Generally speaking, nominal damages are awarded to a complaining party whose right has been infringed and the protection or security of that right requires the formality of an award of damages, however small and whether actually sustained or merely presumed. It has been said that the purpose is to protect a right when " 'the right has been injured.' " 1 Cooley on Torts, 4th Ed., 91, Civil Injuries, Section 46.

Some rights which may be thus secured against injury include those of privacy, of uninterrupted enjoyment of one's property, and the like; invasions of rights which are to be thus protected against may be in the nature of breach of contract, trespass, defamation, malicious prosecution, assault, false imprisonment, nuisance, etc.

It becomes necessary to inquire what right has been infringed in these present cases. It has been argued that it is the right not to be injured. However, if one is not actually injured, what right has been infringed? It occurs to us that this circuitous type of reasoning may account for some of the confusion which appears in the authorities.

Here are some of the citations adduced by the plaintiffs:

*DeTunno* v. *Shull* (1956), 75 Ohio Law Abs. 602, holding that some, if slight, injury entitled plaintiff to at least nominal damages (modified on other grounds, 166 Ohio St. 365);

*Grobstein* v. *Bishop* (1931), 11 Ohio Law Abs. 206, where

the author of the opinion used similar language, from which his two colleagues dissented, and where, we are inclined to believe, the reversal was actually based upon the weight of the evidence;

*Bickley* v. *Sears, Roebuck & Co.* (1938), 62 Ohio App. 180, where the reference to nominal damages was mere dictum in an opinion affirming a judgment for plaintiff in the amount of $6,500.

Plaintiffs have made some reference to American Jurisprudence. The latest comment which we find in that treatise is in 22 American Jurisprudence 2d beginning at page 20 in Section 5, Damages. The general purpose of nominal damages which we stated above finds expression here. However, we have some difficulty in reconciling such diverse comments as the following: "* * * since damages are an element of a cause of action for negligence, nominal damages cannot be awarded in an action for negligence," 22 American Jurisprudence 2d 23, Damages, Section 8; and, "The rule permitting the recovery of nominal damages applies in personal injury actions where a compensable injury has been proved, but where, as the result of something other than the paucity of the plaintiff's evidence, no measurable actual damage has been shown," 22 American Jurisprudence 2d 25, Damages, Section 10.

We can only surmise that the author intends to say that any possible application of the doctrine to personal injury cases is limited.

Plaintiffs also make reference to the subject in Corpus Juris Secundum. We have some difficulty in locating the page and the exact quotation contained in the brief. However, in this area, we have found the following:

"Nominal damages are given, not as an equivalent for the wrong, but in recognition of a technical injury and by way of declaring a right, or as a basis for taxing costs; and are not the same as damages small in amount." 25 Corpus Juris Secundum 636, Damages, Section 8.

"Unless damage is the gravamen of the action, some damages are presumed to result from the violation or infringement of a legal right." 25 Corpus Juris Secundum 635, Damages, Section 6.

Along the lines of this last quotation, defendant argues that actual personal injury caused by negligence is an essential ele-

ment of such an action and that if the plaintiffs' proof fails in that respect the cause of action fails. To support this proposition, they cite expressions from paragraph three of the syllabus of *Wellman* v. *East Ohio Gas Co.* (1953), 160 Ohio St. 103; and from 39 Ohio Jurisprudence 2d 492, Negligence, Section 9; *Peters* v. *Densmore* (1955), 75 Ohio Law Abs. 306; 22 American Jurisprudence 2d 23, Damages, Section 8; and 22 American Jurisdiction 2d 25, Damages, Section 10.

*Haines* v. *Cleveland Ry. Co.* (1943), 141 Ohio St. 523, was an action for damages for injuries allegedly suffered in a traffic collision. Defendant admitted that its negligence caused the collision, but denied the injuries. Verdict forms for both plaintiff and defendant were submitted to the jury. They returned the verdict for the defendant, and judgment was entered thereon. A majority (four judges) of the Supreme Court in affirming the judgment observed that plaintiff's injury was quite slight, consisting of an abrasion on her right elbow, that the submission of a verdict form for the plaintiff alone would have been technically correct, but that "the submission of the two forms of verdict—one for the plaintiff and the other for the defendants—was not an error of such magnitude or prejudice, in our opinion, as to call for reversal" (page 527).

The opinion continues: "The verdict form for the plaintiff was before the jury, and if it had found that plaintiff sustained any real injuries by reason of the collision, it had full opportunity of awarding her damages" (page 527).

The three judges who dissented held that the only question was the seriousness of plaintiff's injury, that the court should have submitted a verdict form for plaintiff alone, and that submitting a form for the defendant and entering judgment thereon was prejudicial error.

The term, "nominal damages," was not mentioned in either the majority or the dissenting opinions.

In our present case the court, having submitted only a verdict form for the plaintiffs, completely avoided the error in the *Haines case*; hence, the judgment for the defendant here rests upon a more firm foundation. Accordingly, we find the first assignment of error not well taken.

The second assignment of error is that the court erred in

giving before argument special requested instruction No. 4 as follows:

"If any state of anxiety neurosis and depression has resulted to Elizabeth P. Younce solely by reason of any pathological condition of her female organs or solely by reason of any cause or causes not directly or proximately resulting from the automobile collision of September 22, 1962, then, in that event, she cannot recover any damages therefor and Raymond Younce cannot recover for any medical or hospital expense resulting therefrom."

Plaintiffs contend that this instruction injected an issue into the case which was not raised by the pleadings or the evidence. The record indicates otherwise. The second amended petition alleges aggravation to pre-existing injuries to this plaintiff's shoulder, neck and low back. This led to considerable testimony as to such plaintiff's prior physical, medical and surgical experience, which rendered the instruction proper.

The third assignment of error complains of the court's instruction to the jury that there was no evidence of injuries to Elizabeth P. Younce's cervical, dorsal and lumbar spine and that no amount might be awarded for permanent injury or future damages because both doctors who appeared as witnesses testified that the future was unknown or unpredictable.

The record justifies these instructions. There was testimony of pain, but none as to any injury to the spine. Nor did any witness give testimony of the type required to support an award for permanent or future damages. See 16 Ohio Jurisprudence 2d 183, Damages, Section 52.

The fourth assignment of error challenges the sufficiency of the evidence. The alleged injuries present the only question in issue. There is evidence that in the realm of objective physical symptoms Elizabeth P. Younce suffered some abrasions and contusions. Gloria Jean Younce testified that she had a sore neck but no marks whatever on her body.

The general physician, Dr. Glenn C. Hoffman, testified that Elizabeth P. Younce suffered from psychoneurosis, that her complaints varied from time to time, and that her symptoms and signs seemed to migrate. He stated that he observed muscular spasms when she complained of pain.

Dr. Edgar L. Braunlin, physician-psychiatrist, diagnosed Elizabeth P. Younce's case as one of anxiety-neurosis. He said no physical cause was found for her pain. He told of administering electro-shock therapy to her.

There is medical testimony that she was not malingering, but that she was given to exaggerating her complaints. It developed that she had experienced a similar previous automobile collision some fourteen months prior to this one.

It is obvious that the case of this unfortunate plaintiff presents a baffling problem for a jury. They resolved it against her. There is nothing in the record to lay hold upon as a solid basis for declaring that they were wrong.

The fifth assignment of error is that the court erred in rendering judgment in favor of the defendant. Further reference is made to the subject of nominal damages, which has already been fully dealt with under the first assignment.

Plaintiffs also say that, the court having directed a verdict for the plaintiffs, it was anomalous to proceed to render judgment for the defendant. The form of the verdict signified a direction to the jury to resolve the questions of defendant's negligence and its proximate causation of the collision in favor of the plaintiffs; however, it left to the determination of the jury the third essential element of plaintiffs' cause of action, the existence and extent of damages. Having, according to the jury, suffered no damage, she could recover none. Her cause of action having failed, judgment for defendant was inevitable.

The sixth assignment is that the court erred in overruling plaintiffs' motions for new trial. The only additional argument advanced here is that the cumulative effect of all the other errors assigned requires reversal. The preceding assignments not being well taken, this also is without merit.

No error prejudicial to the rights of these appellants appearing in the record, the judgment will be, and hereby is, affirmed.

*Judgment affirmed.*

SHERER, P. J., and KERNS, J., concur.