APPLETON *v.* MATTHEWS.

(No. 844952—Decided July 25, 1968.)

Common Pleas Court of Cuyahoga County.

*Mr. Moses Krislov*, for plaintiff.
*Mr. James G. Gowan* and *Messrs Hauxhurst, Sharp, Mollison & Gallagher*, for defendant.

McMONAGLE, J. This matter is now before the court on plaintiff's motion for a new trial. Plaintiff's petition was one asking damages from the defendant upon her claim that she had sustained injury when the defendant collided with the rear end of the automobile operated by the plaintiff which she had brought to a stop in the area of East 73rd Street on Cedar Avenue, in Cleveland, Ohio, at about 3:15 p. m., September 10, 1965.

In his amended answer the defendant admits:

"* * * a collision occurred on said street between a vehicle operated by the plaintiff and a vehicle operated by the defendant. Defendant further admits his negligence at the time and place in question, and further admits that said negligence was a direct and proximate cause of the collision set forth in plaintiff's petition.

"Further answering, defendant denies each and every,

all and singular, the allegations and assertions contained in plaintiff's petition not herein expressly admitted to be true."

Plaintiff made no claim in her petition for damages to her automobile.

There was testimony that plaintiff felt no immediate pain; that she made no complaint of injury at the scene of the collision, and that there were then no observable injuries.

Plaintiff's petition alleged that in the collision she suffered "a whiplash type injury, which injury was superimposed upon and severely inflamed and aggravated a preexisting injury; that she suffered an acute cervical strain, a strain of the lumbosacral area and post traumatic cephalagia."

Defendant, however, denied that plaintiff sustained any injury in the admitted collision, but contended that if plaintiff was suffering any disability following this collision that such disability was proximately caused by a different automobile collision, one that had occurred on July 2, 1965, and which was the subject of another lawsuit.

The negligence of the defendant and that it was the proximate cause of the collision having been admitted, the jury was instructed that the issues they were to decide were: did defendant's negligence proximately cause injury to the plaintiff? If the jury found that the plaintiff was so injured, what amount of money would compensate her for the injury so sustained? Instruction on proximate cause and on damages were included in the charge.

Two forms of verdict were submitted to the jury and they were advised that they should use that verdict form that conformed to the determination of nine or more of their number. The forms read as follows:

1. "The jury in this case, being duly impaneled and sworn, upon the concurrence of the undersigned jurors, being not less than three-fourths of the whole number thereof, do find for the plaintiff in the sum of $........."

2. "The jury in this case, being duly impaneled and sworn, upon the concurrence of the undersigned jurors,

being not less than three-fourths of the whole number thereof, do find for the defendant."

All 12 members of the jury executed the verdict form in which they did "find for the defendant."

A motion for a new trial was seasonably filed by the plaintiff. What appears to be her major contention as to why a new trial should be granted is a claim that the court should not have provided the jury with the two forms of verdict. It is plaintiff's contention that since defendant admitted responsibility for the collision that this took from the jury all issues except that of damages; that therefore only one verdict form—a plaintiff's general verdict form should be submitted to the jury. This is tantamount to a contention that in a civil action for the recovery of money damages that when the defendant admits that his negligence proximately caused a collision but denies that it proximately caused any injury or damage a verdict should be returned in which the jurors find "for the plaintiff" even though they find that he sustained no damages.

In support of her contention the plaintiff cites the case of *Cleveland Railway Company* v. *Kozlowski*, 128 Ohio St. 445. In the *Kozlowski case* the Supreme Court affirmed the action of the Court of Appeals, "which court reversed the Court of Common Pleas for error in the charge to the jury, and for no other error, and the cause was remanded to the Court of Common Pleas of Cuyahoga County for further proceedings." There is no contention herein that there was error by the court in its charge to the jury. In *Jarvis* v. *Hall*, 3 Ohio App. 2d 321, which is also cited by the plaintiff, the judgment of the trial court was reversed because it erred in overruling defendant's motion to withdraw a juror and declare a mistrial because of the injection of a claim of defendant's intoxication into the trial proceedings after the defendant had admitted negligence.

The rules with reference to the submission of verdict forms are aptly contained in Volume 53 of Ohio Jurisprudence 2d.

53 Ohio Jurisprudence 2d 229.

"In the absence of an express statute or rule of court

prescribing the form of a general verdict to be returned, there is no hard and fast rule governing such form. In Ohio, the code provides merely that the verdict must be in writing and signed by each of the jurors concurring therein.''

53 Ohio Jurisprudence 2d 230.

''Good practice in Ohio requires the court to submit sufficient forms to secure an adequate general verdict. In fact, it has been stated that it has always been the practice for the court to draw up and send to the jury forms of general verdict.''

53 Ohio Jurisprudence 2d 233.

''A verdict must, of course, be certain with respect to whether it intends to award *recovery* for the plaintiff or the defendant.''

It is to be observed that the forms for general verdicts provided to the jury in a negligence case make no provision for findings as to specific issues but reflect the ultimate decision of the jury.

The words of the respective verdict forms are that the jurors either ''do find for the plaintiff in the sum of $........'' (plaintiff's verdict form), or the jurors ''do find for the defendant.'' (Defendant's verdict form.)

If jurors find that a plaintiff has failed to prove by a preponderance of the evidence that the defendant's admitted negligence proximately caused any injury or damage to the plaintiff there is obviously no basis upon which a verdict should be returned in which the jurors, ''do find for the plaintiff,'' even though in such a verdict they may insert the figures $0.00.

To find that the plaintiff is entitled to no dollars is not to find for the plaintiff. By the submission of the two forms of verdict the jury under the facts of this case were afforded the full opportunity of awarding or not, damages, to the plaintiff if they saw fit.

In *Haines* v. *Cleveland Ry. Co.*, 141 Ohio St. 523, it was held that it was ''* * * not reversible error for the trial court to submit to the jury a form of verdict for the defendants, even though the defendants concede negligence

as to the collision and admit an injury to plaintiff's elbow of a minor and inconsequential nature.'' At page 526, the court said:

"As to the second error advanced, the court might properly have submitted to the jury but one form of verdict, and that for the plaintiff. In their opening statements, counsel for the defendants conceded negligence as to the collision, and an impartial reading of these statements, together with some of the questions asked during the trial, lead to the conclusion that defendants admitted plaintiff received an abrasion on her right elbow, due to the collision. Consequently, the submission of a verdict form for the plaintiff alone would have been technically correct.''

Contrary to the facts in *Haines, supra,* the defendant herein did not admit that plaintiff sustained any injury in the collision but contended that she was not injured at that time.

The submission of the two forms of verdict under the facts in this case was proper. See, 1 Ohio Jurisprudence 1, Section 1715.

The court further finds, contrary to the contention of the plaintiff, that nothing occurred in the trial of the within action which prevented the plaintiff from receiving a fair trial. Both parties were entitled to a fair trial and this was accorded to both.

*Lutwak* v. *U. S.,* 344 U. S. 604, rehearing denied, 344 U. S. 199, "Defendant is entitled to a fair trial but not a perfect one.''

The motion by the plaintiff for a new trial is overruled.

*Motion overruled.*