Denise Evans and Lisa Glass appeal from a judgment of the common pleas court entered pursuant to a jury verdict in favor of Lisa Mucha in connection with their claim for damages arising from a rear-end motor vehicle collision which occurred at 2:45 a.m. on May 25, 1996. Appellants claim that the jury verdict is contrary to a stipulation entered into between the parties and that the trial court erred in not instructing the jury to return a verdict in their favor. After careful consideration of the record before us and the law, we have concluded these assignments of error are not well taken and affirm the judgment of the trial court.
The record before us reveals that on May 25, 1996, approximately 2:45 a.m., as Mucha drove her vehicle southbound on Ontario Avenue in Cleveland, Ohio, she struck the rear portion of the vehicle in which Evans and Glass were riding. Evans and Glass sued Mucha and on January 13, 1998, their case proceeded to trial. At some point in the proceedings, the parties aver they entered into a stipulation on the issue of negligence; however, the stipulation is neither part of the written record before us nor is it contained in the portion of the transcript filed with us on this appeal. The only transcript included as the record on this appeal consists of the court's charge to the jury in which the court referred to an admission of negligence by Mucha; also in that record, we note that the court submitted the issue of proximate cause to members of the jury. Following their deliberation, the jury returned a verdict in favor of Mucha. Evans and Glass now appeal and present two assignments of error for our consideration. They state:
I.
 THE JURY VERDICT IS WRONG, CONTRARY TO LAW, AND NOT IN CONFORMITY WITH THE INSTRUCTIONS AND STIPULATIONS MADE BY DEFENDANT.
II.
 THE TRIAL JUDGE ERRED IN NOT INSTRUCTING THE JURY THAT THEY MUST FIND FOR PLAINTIFF-APPELLANT REGARDLESS OF AMOUNT OF DAMAGES.
At issue in this case is the meaning of the stipulation of negligence entered into between the parties to this appeal.
Appellants claim the stipulation includes an admission of all of the elements of negligence, including proximate cause and presumably damages. Essentially, appellants believe that because Mucha has admitted or stipulated to her negligence, the trial court should have instructed the jury to return a verdict in favor of appellants, even for zero dollars, and in support of their position, appellants cite Younce v. Baker (1966),9 Ohio App.2d 259, where a jury returned a verdict in favor of the plaintiff for zero dollars.
Appellee asserts, however, that the stipulation entered into between the parties included only the admission of a duty owed to appellants and a breach of that duty; it did not include an admission of proximate cause. Mucha also claims that appellants may not assign any error on appeal in connection with the jury instructions in this case because they failed to timely object to the court's charge at trial. Thus, Mucha urges the verdict conforms to both the stipulation and to the court's instructions.
The issues before us then are whether the jury verdict conforms to the court's charge and whether the court erred in instructing the jury on the element of proximate cause.
We note at the outset that Civ.R. 51(A) requires any objection to jury instructions be made during trial prior to the jury's deliberations. It states in part:
 * * * On appeal, a party may not assign as error the giving or the failure to give any instruction unless the party objects before the jury retires to consider its verdict, stating specifically the matter objected to and the grounds of the objection. * * *
Regarding the law of negligence, the court stated inAnderson v. St. Francis-St. George Hospital, Inc. (1996),77 Ohio St.3d 82, at 84, "a negligence claim requires proof of the following elements: duty, breach of duty, causation, and damages."
In the case before us, the appellants have provided only a transcript of the court's charge to the jury. Our record contains no transcript of testimony from the trial, nor does it contain the stipulation entered into between the parties. App.R. 9(B) specifies that if an appellant intends to argue that a finding or conclusion is unsupported by evidence or contrary to the weight of the evidence, that appellant is required to transmit all evidence relevant to that finding or conclusion.
The record here reveals that regarding the negligence claim, the court instructed the jury as follows:
 * * * The defendant has admitted negligence; and therefore, that will not be a determination which you must make. However, other allegations denied by the defendant constitute the issues of which the plaintiff has the burden of proving by a preponderance of the evidence.
* * *
 In negligence of this type of case, one of the elements that the plaintiffs must prove is proximate cause. A party that seeks to recover for injury or damages must not only prove that the other party was negligent, which has been admitted, but also that such negligence was a proximate cause of those injuries.
 Proximate cause is an act or failure to act which, in a natural and continuous sequence directly produces the injury or harm and without which it would not have occurred. Proximate cause occurs when the injury or physical harm is a natural and foreseeable result of the act or failure to act.
 If you find in favor of the defendant, that concludes your deliberations and you will not be required to consider the question of damages.
* * *
The record further reveals that after giving its charge to the jury, the court asked both counsel for any additions, alterations, or corrections, but neither proffered any such corrections and both indicated satisfaction with the court's charge. Since the record does not contain any objection to the instructions by either Evans or Glass as required by Civ.R. 51(A), neither may assign this as error on appeal.
Further, the court's willingness to charge the jury on the issue of proximate cause and the lack of any objection to that charge by appellants corroborates our conclusion that the stipulation entered into between the parties consisted only of the admission of a duty and its breach. The only logical inference we cancan draw from these circumstances is that the stipulation did not include Mucha's admission of proximate cause. Since the appellants have failed to include the stipulation itself as part of the record, we are unable to conclude otherwise and hence we cannot afford relief on this appeal. Accordingly, these assignments of error have no merit and are overruled. We therefore affirm the judgment of the trial court.
Judgment affirmed.
It is ordered that appellee recover of appellants her costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
JOHN T. PATTON, J., and JAMES D. SWEENEY, J., CONCUR.
 _______________________________ PRESIDING JUDGE TERRENCE O'DONNELL
N.B. This entry is an announcement of the court's decision. See App.R. 22(B), 22(D) and 26(A); Loc.App.R. 22. This decision will be journalized and will become the judgment and order of the court pursuant to App.R. 22(E) unless a motion for reconsideration with supporting brief, per App.R. 26(A), is filed within ten (10) days of the announcement of the court's decision. The time period for review by the Supreme Court of Ohio shall begin to run upon the journalization of this court's announcement of decision by the clerk per App.R. 22(E). See, also S.Ct.Prac.R. II, Section 2(A)(a).