JOURNAL ENTRY AND OPINION
Amy Morgan appeals from a judgment of the common pleas court which granted a new trial to Linda and Joel Evans following a jury verdict in their favor which awarded them zero dollars in damages. On appeal, Morgan alleges the court abused its discretion in granting the motion because none of the grounds provided in Civ.R. 59 warrant a new trial. After reviewing the record before us, we agree, and therefore reverse the judgment of the court and remand the matter for entry of judgment consistent with the jury verdict returned in this case.
On January 14, 1997, Morgan rear-ended a vehicle being driven by Linda Evans as they each attempted to enter Mayfield Road from Interstate 271. Following the incident, they exchanged information and Evans told Morgan that she had not been injured; however, after completing several errands at Golden Gate shopping plaza, Evans drove to Hillcrest Hospital's emergency room. Upon examination, Evans complained of neck pain and a physician gave her a soft collar brace to wear and anti-inflammatory medication. She sought treatment with Dr. Gerald Yosowitz at Beachwood Orthopedics Associates beginning on January 21, 1997.
Linda and Joel Evans filed a complaint against Morgan on June 24, 1998, alleging negligence and loss of consortium. Following trial, the jury returned one verdict in favor of Linda Evans but awarded her zero dollars and another verdict in favor of Morgan on the loss of consortium claim. Thereafter, Linda and Joel Evans moved for a new trial, or, for judgment notwithstanding the verdict; the court granted the motion for new trial.
Morgan now appeals from the grant of the new trial and sets forth the following four assignments of error, all of which concern the court's decision to grant a new trial in this case:
 I. THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION IN GRANTING A NEW TRIAL PURSUANT TO CIV.R. 59 BY FAILING TO STATE THE COMPETENT AND CREDIBLE EVIDENCE AND/OR BASIS UPON WHICH THE TRIAL COURT RELIED IN DECIDING TO VACATE THE JURY'S VERDICT AND GRANT PLAINTIFFS-APPELLEES' MOTION FOR NEW TRIAL.
 II. THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION IN ORDERING A NEW TRIAL PURSUANT TO CIV.R. 59(A)(6) THEREBY INVADING THE PROVINCE OF THE JURY BY IGNORING THE JURY'S VERDICT ON THE SOLE ISSUE OF WHAT DAMAGES WERE SUPPORTED BY COMPETENT AND CREDIBLE EVIDENCE IN THE TRIAL COURT RECORD.
 III. THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION IN ORDERING A NEW TRIAL PURSUANT TO CIV.R. 59(A)(4) WHEN THE JURY CONSIDERED CONFLICTING, COMPETENT AND CREDIBLE EVIDENCE ON THE ISSUE OF DAMAGES AND THE AWARD OF DAMAGES WAS NOT SO INADEQUATE AS TO SHOCK REASONABLE SENSIBILITIES.
 IV. THE TRIAL COURT ERRED IN GRANTING A NEW TRIAL PURSUANT TO CIV.R. 59(A)(7) WHEN IT FOUND THAT THE JURY'S VERDICT WAS CONTRARY TO LAW.
Morgan alleges the court improperly invaded the province of the jury when it granted the motion for new trial. Linda and Joel Evans claim the court properly granted the motion because the award of damages is inadequate and the verdict is against the manifest weight of the evidence.
Thus, the issue presented for our review concerns whether the court erred or abused its discretion when it granted a new trial in this case.
In Star Bank National Assn. v. Cirrocumulus Ltd. Partnership
(1997), 121 Ohio App.3d 731 the court stated:
 It is well established that a trial court's decision whether to grant a new trial lies within the sound discretion of the court. The term `abuse of discretion' connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable. In reviewing a trial court's ruling on a motion for a new trial, an appellate court should view the evidence before it favorably to the trial court's action, rather than the jury's verdict, where the trial court's decision involves questions of fact. A judgment supported by some competent, credible evidence going to the essential elements of the case will not be reversed by a reviewing court as being against the manifest weight to the evidence. * * * (Citations omitted).
Further, in Younce v. Baker (1966), 9 Ohio App.2d 259, the court stated:
 Where a defendant admits negligence proximately causing a traffic collision with plaintiff but denies injury, and the jury, upon adequate evidence, returns the single form of verdict submitted to it finding for the plaintiff, but stating plaintiff's damages to be none, judgment for the defendant is proper.
Civ.R. 59 provides in part:
 (A) A new trial may be granted to all or any of the parties * * * upon any of the following grounds:
* * *
 (4) Excessive or inadequate damages, appearing to have been given under the influence of passion or prejudice;
* * *
 (6) The judgment is not sustained by the weight of the evidence; * * *
(7) The judgment is contrary to law;
* * *
 In addition to the above grounds, a new trial may also be granted in the sound discretion of the court for good cause shown.
Here, the trial court granted the new trial motion, but did not hold a hearing, take evidence, or specify the basis of its ruling.
At trial, Linda and Joel Evans and Dr. Yosowitz, testified in the plaintiff's case in chief. Linda Evans testified that she felt a jolt and experienced pain in her neck upon impact of the vehicles. She further testified that shortly after the accident, she went to Golden Gate shopping plaza before going to Hillcrest Hospital and that she had been able to work the next day. Evans stated that she did not keep a log of how many days she missed work due to her injuries; she also stated that she continues to experience pain in her neck.
In connection with his loss of consortium claim, Joel Evans testified that Linda cannot perform housework and can no longer participate in recreational activities that she enjoyed prior to the accident.
Dr. Yosowitz also testified by way of pre-recorded video examination and he stated that in his medical opinion, Evans sustained injures to her neck and back as a direct result of a motor vehicle accident and that these injuries resulted in a cervical and lumbosacral myofascitis.
In her defense, Amy Morgan admitted that her vehicle bumped into the Evans vehicle, and she also testified that immediately after the accident Evans called the police and held the phone between her head and shoulders while she wrote down Morgan's information. Morgan asked if she had been hurt or wanted an ambulance and Evans answered in the negative.
In this case, therefore, the jury heard evidence about the accident, the nature and extent of the damages sustained; following deliberations, it returned a verdict of zero dollars. Reviewing this evidence in a light favorable to the court's actions, we have concluded the court abused its discretion when it granted the motion for new trial. Absent evidence that the jury verdict of zero dollars had been given under the influence of passion or prejudice, that it is not sustained by the weight of the evidence, or that it is contrary to law, we cannot sustain the trial court in granting a new trial. The question of credibility of witnesses is one left to the jury for resolution, and in this case, the jury apparently did not believe the testimony offered by the plaintiffs. Nothing in the record here suggests a basis upon which to grant a new trial. Accordingly, these assignments of error are well taken.
The final assignment of error states:
 V. THE TRIAL COURT ERRED IN GRANTING PLAINTIFF-APPELLEES MOTION FOR JNOV.
This assignment of error is not well taken because the court did not grant judgment notwithstanding the verdicts in this case.
Accordingly, the judgment of the court granting a new trial is reversed, and the matter is remanded with instructions to enter final judgment in accordance with the jury verdict.
This cause is reversed and remanded to the lower court for further proceedings consistent with this opinion.
It is, therefore, considered that said appellant recover of appellees costs herein.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
TIMOTHY E. McMONAGLE, J., and MICHAEL J. CORRIGAN, J., CONCUR
 ___________________________________ PRESIDING JUDGE, TERRENCE O'DONNELL