DECISION
{¶ 1} On March 10, 2000, plaintiff-appellant, Shawn C. Lautner, was involved in a collision when defendant-appellee, Chen Chin Lin, drove her vehicle into the rear of the vehicle appellant was driving. Appellant originally filed an action against appellee, State Farm Mutual Insurance Company and Grange Insurance Company for personal injuries arising out of the collision. After several dismissals, this case proceeded to a jury trial against appellee in August 2004. Prior to the trial, the parties stipulated that appellee negligently operated her motor vehicle causing the automobile collision, but the issues of proximate cause and damages were tried before the jury. After the trial, the jury returned a general verdict in favor of appellant and answered interrogatories, finding appellee's negligence directly and proximately caused injury or damage to appellant and awarding appellant $625 in total compensation, of which $612 was for past economic loss to appellant, $13 for past non-economic loss and nothing for future damages.
 {¶ 2} Appellant filed a notice of appeal and raises the following assignments of error:
ASSIGNMENT OF ERROR NO. I
The jury's verdict is inadequate as a matter of law, against the manifest weight of the evidence and the trial court erred by denying Appellant's motion for a mistrial based on the grossly inadequate jury award.
ASSIGNMENT OF ERROR NO. II
The trial court committed prejudicial error by improperly instructing the jury during deliberations and instructing the jury that it could award nominal damages in a negligence personal injury case.
ASSIGNMENT OF ERROR NO. III
The trial court committed prejudicial error by overruling Appellant's objections to Appellee's questions to and responses from Dr. Season expressed in the form of a medical opinion without the requisite foundation establishing that the medical opinion was based on a reasonable degree of medical probability rather than mere possibilities, and improperly refusing to instruct the jury regarding the standard for competence of medical opinions pursuant to Stinson v. England,69 Ohio St.3d 451 (1994).
ASSIGNMENT OF ERROR NO. IV
The trial court committed prejudicial error by improperly refusing to instruct the jury as requested pursuant to O.J.I. 11.10, ¶ 3,Preexisting condition, and O.J.I. 23.10, Aggravation; acceleration.
 {¶ 3} At the trial, appellant was the first witness to testify. He was employed by the Truro Township Fire Department as a firefighter paramedic, worked at MedFlight and taught at the State Fire Academy. On the date of the accident, he was leaving work at approximately 7 p.m., and traveling south on Interstate 270. An automobile accident had occurred and the traffic was stopping. He saw appellee's vehicle in his rearview mirror and she collided with the rear of the car he was driving. He estimated her speed was at least 55 m.p.h. Immediately after the accident, he felt pain in his lower back, shoulder and neck areas. That night, the pain became progressively worse. He took Advil and went to see Dr. Grant Evans, a chiropractor, for his complaints of lower back pain, neck and shoulder pain, and pain radiating down his left leg.
 {¶ 4} The pain interfered with his work activities and his free-time activities. Before the accident, he played softball approximately three times per week, played golf at least once per week, went boating, water skiing and lifted weights. After the accident, he testified he could not water ski, lift weights and decreased the amount of time he spent playing golf and softball. Dr. Evans treated appellant until November 2001, when he referred him to Dr. Emily Yu, who scheduled appellant for an MRI. The MRI revealed that appellant had degenerative disk disease on three levels of his back and a herniated disk. Dr. Yu recommended physical therapy, which appellant completed. In February 2002, after the physical therapy, appellant reported to Dr. Yu that his symptoms had significantly improved.
 {¶ 5} As a firefighter paramedic, he carried drug kits and airway kits which weighed 25 to 30 pounds and regularly lifted patients for transport, who ranged from children to adults who could weigh as much as 500 pounds. Sometimes when he lifted patients, he hurt his lower back and several times he completed an employee accident report. On October 12, 2002, he completed a form indicating he was injured while lifting and carrying a patient down the steps on a cot. He admitted that he reaggravated his injuries from the accident and began seeing Dr. Evans again on October 16, 2002. He has continued seeing Dr. Evans an average of once every two weeks since October 2002.
 {¶ 6} In February 2004, Dr. Evans referred appellant to Dr. Edwin Season, who, after examining appellant, recommended that appellant continue with his home exercise program and taking Advil. Appellant is examined by Dr. Season every three months.
 {¶ 7} Lieutenant Jeff Sharps with the Truro Township Fire Department testified that he is a long-time friend of appellant. He never heard appellant complain of injuries before the accident, but frequently heard complaints from appellant after the accident. He testified appellant missed softball games because of his injuries in the summer of 2001. They have taken trips and played in weekend softball tournaments together two to three times per year for the last five years. Sharps stated that, as part of the job of being a firefighter paramedic, appellant would have done heavy lifting, carrying, bending and stretching on a regular and daily basis.
 {¶ 8} Appellant's wife, Michele Lautner, testified that appellant was very active in sports before the accident, but, after the accident, he decreased the number of times he played softball and did not lift weights for approximately one and one-half years. After six months, he still had daily back pain, sporadic neck pain and sporadic sciatic nerve pain.
 {¶ 9} Chris Arp, the strength and conditioning coach and educational aide at Reynoldsburg City Schools, testified that he and appellant began to lift weights together in 1990, and they have been lifting together sporadically since that time. After approximately six months of not lifting weights, they began again after appellant finished physical therapy.
 {¶ 10} Andrew Weber, a lieutenant with the Truro Township Fire Department, testified that appellant still complains about back pain and asks for help in lifting patients more often than prior to the accident. Approximately six times in the last two years, appellant has asked to not work as medic but, rather, to drive the truck.
 {¶ 11} Appellee testified that, at the time of the accident, appellant did not express that he was injured. She estimated that she was traveling at approximately 65 m.p.h. at the time of the accident.
 {¶ 12} The videotape deposition of Dr. Yu was played to the jury. Dr. Yu examined appellant on November 12, 2001, and reviewed the MRI images and the report. Appellant had three levels of degenerative disk disease, which existed prior to the accident, and a herniated disk. Dr. Yu recommended surgical intervention or epidural injections, both of which appellant rejected as a course of treatment. Appellant then completed a course of physical therapy. After the physical therapy, appellant reported a significant improvement in both his low back pain and left leg pain. She recommended he continue with home exercises and start weight training gradually. He was a candidate for surgery or epidural injections if the leg pain continued. She testified that the herniated disk was a direct result of the collision, but that the degenerative changes were not related to the accident. The natural history of a herniated disk is that it would resolve within 24 months and appellant probably would not need future medical care. However, Dr. Yu testified that a herniated disk can be caused by degenerative changes or trauma and the degenerative changes could cause pain. She believed the herniated disk was caused by the accident because the MRI was taken after the accident and appellant's pain began after the accident. She opined that the medical bills in Exhibit 6, which was a list of all the medical bills incurred by appellant, were necessary. Dr. Yu did not review in detail the chiropractic bills or records because she does not understand them, but believes, generally, chiropractic care is a good first step in treatment for such an injury.
 {¶ 13} The videotape deposition of Dr. Season was played for the jury. Dr. Season believed appellant's injuries were the direct and proximate result of the accident and his injuries have produced chronic pain, which is permanent. Appellant will have continuing activity restrictions and his injuries will require future care. Dr. Season testified that appellant's chiropractic treatments were reasonable and necessary to treat his symptoms.
 {¶ 14} Since the second assignment of error is dispositive of the appeal, we shall address it first. By the second assignment of error, appellant contends that the trial court committed prejudicial error by improperly instructing the jury during deliberations and instructing the jury that it could award nominal damages in a negligence injury case. During deliberations, the jury asked the trial court: "Can the jury find for the plaintiff and award 0 in damages?" (Court Ex. 1.) The trial court responded as follows:
The question implies that you found that the Defendant's negligence proximately caused some injury. Your question implies that. Okay. Assuming that implication is correct, my charge to you in answer to this question is as follows: If you find for the Plaintiff and that some injury to the Plaintiff was done by the Defendant, but the Plaintiff failed to prove by the greater weight of the evidence any amount of damages, you may award the Plaintiff nominal damages. Nominal means trifling or small. Nominal damages are generally $10 or less. Or you may award the Plaintiff any other amount of damages you find has been proved by the greater weight of the evidence. Okay. That is my answer to your question. So you may return and continue your deliberations.
(Tr. at 301-302.)
 {¶ 15} In Lacey v. Laird (1956), 166 Ohio St. 12, paragraph two of the syllabus, the court held:
"Nominal damages" are those recoverable where a legal right is to be vindicated against an invasion thereof which has produced no actual loss of any kind, or where, from the nature of the case, some injury has been done, the extent of which the evidence fails to show. "Nominal damages" are limited to some small or nominal amount in terms of money.
 {¶ 16} In Younce v. Baker (1966), 9 Ohio App.2d 259, the court found that, since actual injury is a necessary element of a cause of action for damages for personal or bodily injury, nominal damages alone are not recoverable in such an action. When actual damage is an element of the cause of action, nominal damages are unavailable. Lyle v. Aron (Oct. 31, 1997), Lucas App. No. L-97-1128. If the plaintiff fails to prove damages, in a personal injury case, the cause of action fails. Younce, at 262. In this case, the trial court should have simply answered the jury question with "No." In cases involving negligence, a jury instruction on nominal damages is reversible error. Stojkovic v. Avery Thress, M.D.,Inc. (May 28, 1999), Hamilton App. No. C-970279, citing Anderson v. St.Francis-St. George Hosp. (1992), 83 Ohio App.3d 221; and Craig v.Chambers (1867), 17 Ohio St. 253. The trial court in this case erred in giving the nominal damages instruction in response to the jury's question. Appellant's second assignment of error is well-taken.
 {¶ 17} Based upon our sustaining the second assignment of error, appellant's first, third and fourth assignments of error are rendered moot.
 {¶ 18} For the foregoing reasons, appellant's second assignment of error is sustained, the first, third and fourth assignments of error are overruled as moot, and the judgment of the Franklin County Court of Common Pleas is reversed and this cause is remanded to that court for a new trial.
Judgment reversed and cause remanded.
Bryant and Klatt, JJ., concur.
Bowman, J., retired of the Tenth Appellate District, assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution.