BINGHAM (NOW BOSWELL) A MINOR, PLAINTIFF-APPELLEE, *v.* HARTMAN, A MINOR, NATIONWIDE MUTUAL INSURANCE COMPANY, DEFENDANTS-APPELLANTS.

Ohio Appeals, Seventh District, Columbiana County.

No. 807.   Decided April 26, 1961.

*Mr. Jack H. Cohen* and *Mr. William B. Moore, Jr.,* for plaintiff-appellee.

*Messrs. Brookes, Lynch & McDonald,* for defendants-appellants.

DONAHUE, J. This appeal, on questions of law, grows out of a supplemental action in the court of common pleas to collect from the defendant insurance company on a judgment rendered in that court for injuries in an auto accident.

Plaintiff was a passenger in a car driven by defendant Hartman, a minor.

The defendant insurance company had denied coverage for the minor under the theory that he was driving the car without the permission of the owner and that, therefore, the owner's insurance did not extend to the driver.

The original action brought a $20,000.00 judgment against the minor, Hartman, with the jury specifically answering an interrogatory by saying that at the time of the accident, plaintiff was no longer a guest of defendant Hartman. No question on this point is involved here. All questions here involve the supplemental proceedings only.

Assignment of error number one is that the judgment is contrary to law and the evidence. This is supported by the contention that the minor was not shown to have been given permission to drive the car. The evidence on permission is rather confusing. It is to be noted that the defendant Hartman and his parents were all conscious that if there were no permission, express or implied, then the minor Hartman could be in the position of having stolen the car. With the conflict of testimony, it was within the province of the jury to determine the question of permission.

The second assignment involves the testimony of Judge Tobin who heard evidence on the question in Juvenile Court. It is claimed that under Section 2151.35, Revised Code, this testimony was not admissible. That section provides that evidence received in Juvenile Court "shall not be admissible as evidence against the child in any other case or proceedings in any other court * * *."

As pointed out above, this appeal is on the supplemental action which involves not the defendant Hartman's liability which was fixed in the original action, but that of the defendant insurance company. The evidence from the Juvenile Court, therefore was not being used "against" him, but rather in his favor, although it actually was being used to impeach his own

testimony in the supplemental action. This assignment is, therefore, not well taken.

The third assignment involves the refusal to charge that the owner of the car was entitled to a presumption that he did not commit a criminal act. That is the substance of the requested charge as pointed out in appellant's brief. No criminal act is involved in this case. Only the question of permission is involved. The court properly excluded this charge.

We find no substance to assigned error number four.

In regard to the fifth assigned error, repetitious emphasis may be error, but only where it belabors the matter to a point where the jury may deduce that the court is stressing it to impress them with the idea that this matter is more or less decisive and is of paramount importance. We do not feel that the court belabored this particular part of his charge unduly.

On the last error assigned, the court properly refused the further instruction requested. It is claimed that refusal placed undue emphasis on plaintiff's theory of the case. As we see it, had the court complied with this request, the opposite effect would have been achieved.

Finding no error prejudicial to the rights of defendant we must affirm the judgment of the Court of Common Pleas.

Judgment affirmed.

BROWN, P. J., and GRIFFITH, J, concur.