REDER et al., Appellants,

v.

ANTENUCCI, Appellee.

[Cite as *Reder v. Antenucci* (1989), 62 Ohio App.3d 139.]

Court of Appeals of Ohio,
Trumbull County.

No. 4076.

Decided April 10, 1989.

*James L. Pazol,* for appellants Joachim Reder and Fritz Reder & Sons Sports Car et al.

*David C. Comstock,* for appellee.

CHRISTLEY, Presiding Judge.

This is an appeal from the Trumbull County Court of Common Pleas. On December 19, 1984, appellant, Joachim Reder, was stopped in traffic when his car was struck from behind by appellee, James P. Antenucci.

The matter came on for jury trial and Reder testified that as a result of the accident, he suffered injuries which caused him to have headaches and pain in his neck and arms. Reder testified that he had difficulty performing his job and therefore had lost income from the car repair partnership he has with his brother. Reder further testified that his relationship with his wife and children had been adversely affected.

Reder's wife, Deborah Reder, testified as to loss of consortium and corroborated Reder's claims of injury.

Carl Reder, Reder's brother and business partner, testified as to the partnership losses caused by Reder's inability to perform his work at the same level as before the accident. Carl Reder also corroborated Reder's claims of injury.

Reder also had two physicians testify on his behalf.

The jury was instructed that if defendant's negligence proximately caused the injury to plaintiff, they were to find for plaintiff and were to determine the fair and reasonable compensation for that injury. If no injury was caused, they were to write "none" in the blank provided for compensation. The jury was instructed that negligence was not at issue because appellee admitted negligence.

The verdict forms read as follows:

"We, the Jury, being duly impaneled and sworn, find the issues in this case in favor of Plaintiff * * * and assess the amount due to said Plaintiff * * *.

"And we do so render our verdict upon the concurrence of * * * members of our said Jury, that being three-fourths or more of our number. Each of us said jurors concurring in said verdict signs his/her name hereto this * * * day of March, 1988."

The jury returned a verdict of "none." Judgment on the verdict was filed March 9, 1988.

On March 17, 1988, appellants moved for a new trial. On April 21, 1988, the court denied appellants' motion. Appellants timely filed their notice of appeal on May 16, 1988 with the following assignments of error:

"1. The Trial Court erred to the prejudice of Plaintiffs–Appellants in overruling their Motion for a New Trial, as the verdicts rendered assessing

damages in the amounts of 'None' are both against the manifest weight of the evidence and are contrary to law.

"2. The Trial Court erred in its instructions to the jury regarding findings of 'None' damages to the prejudice of Plaintiffs–Appellants."

In their first assignment of error, appellants argue that the court erred in refusing their motion for a new trial because the verdict was against the manifest weight of the evidence and contrary to law. This assignment is not well-taken.

In *Verbon v. Pennese* (1982), 7 Ohio App.3d 182, 7 OBR 229, 454 N.E.2d 976, syllabus, the court held:

"1. A motion for new trial upon the basis that the judgment is not sustained by sufficient evidence will not be granted where the verdict is supported by competent, substantial, and credible evidence.

"2. On a motion for new trial, the trial court must review the evidence adduced at trial and must also pass upon the credibility of the witnesses in general; the trial court does not undertake to judge the credibility of the evidence, but only to judge whether the evidence has the semblance of credibility.

"3. Granting a motion for new trial rests in the sound discretion of the trial court; that court's ruling will not be disturbed on appellate review unless there is an abuse of discretion; a trial court abuses its discretion when it grants a motion for new trial after a jury verdict where there is substantial evidence to support said verdict."

■ Appellants argue that since there was uncontroverted evidence that Reder was injured, the jury's verdict cannot be upheld. Negligence was not at issue and appellee did not produce any expert witnesses to contradict Reder's physicians' testimony.

Appellants argue that the jury failed to consider Reder's medical expenses and pain and suffering. However, by marking the verdict form "none," the jury, in effect, found that either there was no injury *or* that no injury *was caused* by the accident. Without injury and causation, there could be no damages for medical expenses or otherwise. See *Muncy, infra.*

In support of their argument, appellants cite *Puskarich v. Sedgmer* (Dec. 16, 1981), Harrison App. No. 368, unreported, 1981 WL 2695. In *Puskarich,* the court reversed a decision wherein there was no recovery although it was conclusively established that the plaintiff was injured vis-a-vis a doctor's report noting the existence of a bruise on the injured area which was contemporaneous with the date of claimed injury.

The trial court, in the instant case, in its April 21, 1988 ruling, distinguished *Puskarich* because the plaintiff did not have even a bruise as objective evidence of injury. Appellants argue that it makes no difference whether Reder's injuries were visible.

In *Zocco v. Wingrove* (Dec. 9, 1983), Trumbull App. No. 3217, unreported, 1983 WL 6016, this court held at 4:

"Plaintiffs-appellants' first assignment of error is without merit. A general jury verdict will be sustained unless it is clearly inconsistent with any theory provable under the issues and which the evidence tends to support. *Toledo Bridge Co. v. Yost* (1901), 22 Ohio C.C. 376. Since the negligence of the defendant-appellee was admitted, the jury could only have concluded that the plaintiffs-appellants' injuries were not the *proximate result* of that negligence. The plaintiffs-appellants contend that their medical testimony provided conclusive proof of proximate cause. However, the plaintiffs-appellants' argument fails because medical opinion testimony is only admissible to assist the jury in determining the ultimate facts of the case. See *McKay Machine Co. v. Rodman* (1967), 11 Ohio St.2d 77 [40 O.O.2d 87, 228 N.E.2d 304]; *Trebotich v. Broglio* (1973), 33 Ohio St.2d 57, at 61 [62 O.O.2d 410, 412, 294 N.E.2d 669, 672]." (Emphasis added.)

In *Zocco*, as in this case, the plaintiffs received "zero" damages.

In *Love v. Lewis* (1985), 21 Ohio App.3d 285, 287, 21 OBR 404, 406, 488 N.E.2d 238, 239–240, the court held:

"We recognize that the weight to be given the evidence and the credibility of the witnesses are primarily for the trier of fact, *State v. DeHass* (1967), 10 Ohio St.2d 230 [39 O.O.2d 366, 227 N.E.2d 212], paragraph one of the syllabus, and that as long as the trial court's judgment is supported by some competent, credible evidence the decision will not be reversed by a reviewing court as being against the manifest weight of the evidence, *C.E. Morris Co. v. Foley Construction Co.* (1978), 54 Ohio St.2d 279 [8 O.O.3d 261, 376 N.E.2d 578], syllabus."

Appellee asserts that although he did not present any expert witnesses, the jury was nevertheless persuaded by the impact of his cross-examination of appellants' witnesses. Appellee cites the following evidence to support the verdict.

Dr. Kohli testified that he did not originally examine Reder and that Reder's original test results were negative. Dr. Kohli testified that the test results he relied on in reaching his opinion were subject to the accuracy of the examiner and subjective interpretation. Dr. Kohli also testified that there were a

number of causes, in addition to traumatic accidents, that could have led to the medical signs and symptoms of which Reder now complains.

Further, Reder testified as to the strenuousness of his work and the exertion it requires. This testimony provided an alternative explanation for the source of Reder's physical problems.

Reder's other medical witness, Dr. Grossman, testified that he did not know Reder's condition prior to the accident and that his diagnosis was partially based on Reder's subjective complaints. Dr. Grossman also testified that there were other possible causes of Reder's condition.

Further, there was testimony to show that the damage to Reder's car was not visible in pictures of the car. Thus, the jury had some grounds to believe that the impact of the crash may not have been severe enough to cause the claimed injury to Reder.

In *Younce v. Baker* (1966), 9 Ohio App.2d 259, 38 O.O.2d 316, 224 N.E.2d 144, paragraph two of the syllabus, the court held:

"Where a defendant admits negligence proximately causing a traffic collision with plaintiff but denies injury, and the jury, upon adequate evidence, returns the single form of verdict submitted to it finding for the plaintiff, but stating plaintiff's damages to be 'none,' judgment for the defendant is proper."

Also, see *Muckus v. Ruggles* (1956), 165 Ohio St. 540, 60 O.O. 497, 138 N.E.2d 389.

In this case, there was competent, substantial, and credible evidence to support the verdict. The jury was free to disregard or disbelieve appellants' medical and other witnesses. Therefore, the court did not abuse its discretion by overruling appellants' motion for a new trial.

In their second assignment of error, appellants argue that it was error for the court to repeatedly instruct the jury that they may find no damages. The alleged error goes to the court's repeated use of the word "none." This assignment is not well-taken.

The court gave the following instructions as to damages:

" * * * In this case you cannot render a verdict for the Defendant because we have said he is negligent. Your issue is if there was injury caused, what is the fair and reasonable compensation for that injury, and, of course, if no injury was caused, you would write in none in the blank provided for compensation.

" * * * You will have one verdict for Joachim Reder, and you will find blank damages, there is a space provided in that. You will fix the amount of damages. If you decide there are no damages, you will write in none.

"A similar verdict will be provided for Deborah Reder. Again, blank damages, a space is provided. You can determine any amount of damages under the greater weight of the evidence from none to whatever you find, and again, as to Fritz Reder and Sons Sports Car, again, a blank for damages and in this case, if you consider damages for Fritz Reder and Sons Sport [*sic*] Cars, you may only consider the sum of $8700. It cannot be more than $8700, and again, it can be anything from none to $8700."

In *Bingham v. Hartman* (App.1961), 88 Ohio Law Abs. 126, 181 N.E.2d 721, paragraph three of the headnotes, the court's holding is stated:

"Repetitious emphasis in instructions is error only where it belabors the matter to a point where the jury may deduce that the court is stressing it to impress them with the idea that this matter is more or less decisive and is of paramount importance."

In this case, it cannot be said that the court belabored the matter to a point where the jury may have deduced that the matter was decisive. Appellants did not object to the *substance* of the instructions. The court did not use the word "none" out of context of the instructions. This argument is without merit.

■ Although not specifically assigned as error, appellants argued that assuming the jury could find that Reder was not injured, they nevertheless should have awarded expenses for his diagnostic tests. Appellants cite several decisions from other states to support their argument; however, that is not the law in Ohio.

In *Muncy v. Jones* (Jan. 19, 1984), Franklin App. No. 83AP–562, unreported, 1984 WL 4597, the court held at 3:

"In order for the medical bills to be the subject of compensatory damages, plaintiffs were required to establish a causal connection between defendant's negligence and the expenses, and expert testimony was required to establish the necessity of the treatment which resulted in the billings. On the other hand, simply because plaintiffs' expert testified that the billings were necessitated by the accident, they are not automatically entitled to prevail on the question of necessity, even where their expert's testimony on that point is not directly controverted by defendant's evidence, so long as there appear in the record objectively discernible reasons upon which the jury could rely to reject the expert's opinion testimony. *State v. Brown* (1983), 5 Ohio St.3d 133, at 135 [5 OBR 266, 268, 449 N.E.2d 449, 450–451].

"Objective reasons do appear in the record from which the jury could conclude that plaintiffs failed to establish a causal relationship between defendant's negligence and some of Mrs. Muncy's complaints and expenses, in spite of the testimony of plaintiffs' expert to the contrary."

In *Muncy*, some injury was established and plaintiffs received an award, which they claimed was inadequate because it did not cover certain medical expenses. The appeals court reversed in part stating:

" * * * the expert's testimony that the emergency room billing of $73 and the hospital bill of $821.95 for the February 1981 treatment were necessitated by the accident and were reasonable, was uncontroverted and there is not a sufficient basis in the record upon which the jury could have rejected the expert's opinion." *Id.* at 4.

In this case, unlike *Muncy*, the jury either found that there was no injury or that no injury *was caused* by the accident. There was sufficient evidence in the record for the jury to conclude that there was either no injury or that there could be another cause for Reder's physical condition. Therefore, without the affirmative finding of *Muncy*, the jury could not award expenses for Reder's diagnostic tests.

Although not formally assigned as error, appellants argue that it was error for the court not to direct a verdict in their favor.

■ The standard of review to be applied by the trial court in considering a motion for a directed verdict or judgment notwithstanding the verdict is whether, after construing the evidence most strongly in favor of the party against whom the motion is made, reasonable minds could come to but one conclusion upon the evidence submitted, and that conclusion is adverse to the nonmoving party (Civ.R. 50[A][4]). *Strother v. Hutchinson* (1981), 67 Ohio St.2d 282, 21 O.O.3d 177, 423 N.E.2d 467; *McNees v. Cincinnati Street Ry. Co.* (1949), 152 Ohio St. 269, 40 O.O. 318, 89 N.E.2d 138; *Thomas v. Keller* (1967), 9 Ohio App.2d 237, 38 O.O.2d 262, 224 N.E.2d 165. In light of the previous discussion, the evidence was sufficiently controverted to prevent a directed verdict.

■ This court notes that separate verdict forms on the issues of damages and proximate cause were not used. The verdict form referred to the "amount due plaintiff" but did not require a separate determination as to proximate cause. While in some cases separate forms may be the better practice, in this instance there was no harm to either party. Appellants have demonstrated no prejudice by the combining of the two issues, and by not referring to proximate cause specifically. Here, it is far more likely that the jury would feel obligated to assume the probable cause issue was already

decided in appellants' favor and to consider only the issue of damages due appellants. Appellee, the party more likely to be prejudiced by a single verdict form, had no cause to complain because the jury found no damages.

The court did not err in overruling appellants' motion for directed verdict.

The judgment of the trial court is affirmed.

*Judgment affirmed.*

MILLIGAN, J., concurs.

FORD, J., concurs in judgment only.

JOHN R. MILLIGAN, J., of the Fifth Appellate District, sitting by assignment.