These consolidated appeals arise from a single automobile collision. Plaintiffs-appellants Eloyse Johnson and Juanita Cave were passengers in a vehicle struck from behind while stopped at a traffic light. Defendant-appellee James Talley admitted his negligence and the matter proceeded to a consolidated jury trial on the issues of causation and damages.
Evidence presented at trial showed that the collision, on New Years Eve, December 31, 1992, was a low-speed minor incident. Photographs revealed a dent in the rear bumper of the 1985 Cadillac Coupe DeVille occupied by plaintiffs and a crack in the front plastic license plate bracket of defendant's late model Mercury sedan.
After they were evaluated at a hospital emergency room, at least one of the plaintiffs, along with the driver, went out for the evening. For several weeks, neither plaintiff sought any further treatment in their hometown of Portsmouth, Ohio, and both continued to bowl in their regular leagues.
Two years later, Johnson was diagnosed in 1995 with a torn right rotator cuff, which she alleged was caused by the 1992 collision. Evidence presented at trial revealed, however, that she failed to disclose a series of prior injuries to her own treating and testifying physicians and the expert retained by defendant to examine her and testify in the case.
Cave, the front seat passenger, claimed that she injured her back in the collision. Several weeks after the collision she began treatments at the Valli Chiropractic Clinic, which had previously treated her in 1987. Moreover, she continued to bowl with an average score of 160 before and after the accident. In 1995 she bowled in 99 of 99 league games scheduled. The jury awarded $5,000 in damages to each plaintiff. Plaintiffs appeal from the jury verdict in these consolidated appeals.[1]
A. Appeal No. 73581
In Appeal No. 73581, Eloyse Johnson challenges the trial court's admission of evidence concerning various prior injuries and the court's failure to instruct the jury on the issue of punitive damages. Her first three assignments of error relate to evidence of her prior injuries as follows:
Johnson's first assignment of error follows:
 I. THE TRIAL COURT ABUSED ITS DISCRETION TO THE PREJUDICE OF PLAINTIFF-APPELLANT IN DENYING APPELLANT'S MOTION IN LIMINE IN WHICH SHE SOUGHT AN ORDER THAT LIMITED THE TESTIMONY OF A DEFENSE MEDICAL EXPERT TO ISSUES, ALLEGED FACTS AND OPINIONS WHICH WERE CONTAINED IN THE EXPERT'S REPORT AND PROVIDED TO APPELLANT PURSUANT TO LOC.R. 21.1 OF THE COURT OF COMMON PLEAS OF CUYAHOGA COUNTY.
 II. THE TRIAL COURT ABUSED ITS DISCRETION TO THE PREJUDICE OF PLAINTIFF-APPELLANT IN PERMITTING DEFENDANT-APPELLEE TO DISPLAY AT TRIAL DEFENSE EXHIBIT TTT, A BLOW UP SUMMARY OF APPELLANT'S MEDICAL RECORDS FROM 1975 TO 1990 THAT DEFENSE COUNSEL CREATED BASED ON IRRELEVANT AND THUS INADMISSIBLE EVIDENCE.
 III. THE TRIAL COURT ABUSED ITS DISCRETION TO THE PREJUDICE OF PLAINTIFF-APPELLANT IN PERMITTING DEFENSE EXPERT DR. KARL KUMLER TO TESTIFY OVER OBJECTION AS TO THE CAUSE OF APPELLANT'S ROTATOR CUFF TEAR WHEN HIS EXPERT TESTIMONY WAS IRRELEVANT ON THE ISSUE OF CAUSATION AND NOT BASED ON REASONABLE MEDICAL CERTAINTY OR PROBABILITY.
These assignments lack merit.
Johnson contends that defense expert Dr. Kumler did not sufficiently refer to her prior injuries in his pretrial expert report and did not render sufficient opinion testimony that any of them were related to her rotator cuff injury. She also complains of an exhibit displayed to the jury during the trial listing her prior injuries.
The record shows that defendant twice requested the trial court provide an order authorizing an independent medical examination of plaintiff. When plaintiff ultimately appeared at a medical examination by Dr. Kumler, Johnson's counsel also attended. At the examination, plaintiff refused to complete a medical questionnaire or provide any medical history. Dr. Kumler nevertheless took x-rays, performed various tests, and examined plaintiff. One week following the examination, Dr. Kumler issued a detailed, typewritten three-page single-spaced report concerning the test results, his findings, diagnoses and conclusions (the "First Report"). See Civ.R. 35(B)(1).
Dr. Kumler subsequently issued an additional one-page report (the "Second Report"). Plaintiff subsequently canceled her planned discovery deposition of Dr. Kumler and then dismissed her case shortly before the scheduled trial. After plaintiff refiled her action, Dr. Kumler provided a videotaped deposition for trial. During the deposition, Dr. Kumler testified about his medical examination of plaintiff and rendered opinions on causation and permanency of her injuries.
He testified that, to a reasonable medical certainty, the 1992 collision did not cause the torn rotator cuff to plaintiff's right shoulder. He stated that in his experience, rotator cuff injuries are typically degenerative and caused by attritional factors rather than a single acute trauma. Moreover, he did not believe plaintiff would have been able to bowl at all if she had suffered a rotator cuff injury in the 1992 collision. Plaintiff's prognosis, furthermore, was good based on his objective tests, as opposed to her subjective complaints. Dr. Kumler mentioned that plaintiff would not provide him a medical history at the time of her examination and that items of her medical history listed on deposition Exhibit SSS would have been helpful in coming to an opinion on causation.
Counsel for plaintiff complained at the deposition and by motion in limine before trial that Dr. Kumler should not have been permitted to testify about plaintiff's prior medical history or the causation and permanency of her rotator cuff injury because these matters were not adequately disclosed in his Second Report as required by Loc.R. 21.1(I)(B). Plaintiff also maintained that Dr. Kumler could not provide an opinion, to a reasonable medical certainty, without having a complete medical history. Following extensive briefs by the parties, the trial court denied the motion in limine. Plaintiff sought reconsideration of the denial immediately prior to trial, but the visiting judge adhered to the prior ruling.
 Assignment of Error I
In her first assignment of error, Johnson complains that the trial court denied her pretrial motion in limine to exclude the videotaped deposition testimony of defendant's expert, Dr. Kumler. She argues that Dr. Kumler did not adequately disclose the basis for that testimony in his May 28, 1996, second pretrial expert report.
It is well established that the trial court has broad discretion to determine whether there is a breach of the rules governing the exchange of expert reports and to fashion the remedy for any violation. Nakoff v. Fairview Gen. Hosp. (1996),75 Ohio St.3d 254. In Nakoff, the Supreme Court held that to constitute a reversible abuse of discretion, the ruling
 must be so palpably and grossly violative of fact or logic that it evidences not the exercise of will but the perversity of will, not the exercise of judgment but the defiance of judgment, not the exercise of reason but instead passion or bias.
Id. at 256.
When applying this standard, this court rejected a similar argument concerning the alleged inadequacy of an expert's report under strikingly similar circumstances in Bell v.Goldsmith (July 6, 1995), Cuyahoga App. No. 67893, unreported at pp. 3-4. As in the case at bar, the expert in Bell issued two expert reports. The trial court's decision here is consistent with the court's decision in Bell. As required by Loc.R. 21.1(I)(B), the trial court could properly find that Dr. Kumler's First Report, as supplemented by his Second Report, adequately disclosed the contours of his proposed testimony to permit him to testify. Accord Downs v. Quallich (1993), 90 Ohio App.3d 799,803-804.
Dr. Kumler's First Report referred to a prior medical history involving "multiple auto accidents" and stated that plaintiff's "prognosis, based on objective findings would be good." (Id. at pp. 1, 2.) The First Report found "doubtful" a causal relationship between the 1992 collision and her rotator cuff injury, id. at pp. 2-3, and the supplemental Second Report further elaborated on this opinion. (Id. at p. 1.) Under the circumstances, the trial court could properly find, as in Bell,
that these disclosures were adequate and could discount plaintiff's claims of surprise, particularly because she canceled her scheduled discovery deposition of Dr. Kumler and did not ask him to supplement his reports. Id. at p. 4.
 Assignment of Error II
In her second assignment of error plaintiff complains that the court erred in allowing defense counsel to display two exhibits to the jury during trial. The two exhibits, deposition Exhibit SSS, and enlarged trial Exhibit TTT, were virtually identical in content to each other and provided a listing and brief description of 15 prior injuries or medical treatments received by plaintiff. Plaintiff argues the information was not relevant to any issue at trial.
The exhibits, which summarized information on trial Exhibits O, Q, and QQQ, listed several prior incidents, including some to her right shoulder, which she allegedly injured in the 1992 collision giving rise to the case at bar. Among the incidents listed were three prior automobile accidents in 1975, 1986 and 1990, and a prior workers' compensation claim involving her right shoulder in 1985.
Plaintiff refused to disclose this information both to Dr. Kumler during his pretrial medical examination of her and to her own physician, Dr. Hauser. (Tr. 148-149.) During the video deposition played at trial, Dr. Kumler testified that knowledge of prior incidents such as those listed on deposition Exhibit SSS "would have been helpful in coming to an opinion" on whether plaintiff's rotator cuff was caused by the 1992 collision. Finally, Johnson's own counsel elicited information concerning prior injuries from her during his direct examination at trial. (Tr. 85-104.)
Plaintiff's brief on appeal complains that there was no medical testimony during trial that any of the incidents on the two exhibits was causally related to plaintiff's rotator cuff injury. Such testimony, however, was not necessary. The information above, moreover, was relevant and admissible to assist the jury in evaluating the weight and credibility to accord the opinion of plaintiff's and defendant's experts, as well as plaintiff's own testimony.
Dr. Kumler expressly stated that such information was relevant to determining the cause of plaintiff's rotator cuff injury. Because plaintiff's expert, Dr. Hauser, did not have this information, the jury could discredit his opinion that the rotator cuff injury was caused by the 1992 collision.
Moreover, the jury could properly use this information to evaluate the credibility of plaintiff and her claims. Plaintiff had previously denied during her own pretrial deposition that she had any significant prior injuries. (Tr. 142-144.) Under the circumstances, each and every item on the exhibits was relevant to her credibility.
 Assignment of Error III
In her third assignment of error, plaintiff contends that Dr. Kumler did not state his opinion concerning causation with sufficient reasonable medical certainty and improperly referred to her prior injuries. Dr. Kumler testified that the 1992 collision did not cause plaintiff's torn rotator cuff and that the condition was typically caused by attrition. He specifically stated that his opinion regarding causation was "based on reasonable medical certainty." (Depo. at 18.) He likewise testified that plaintiff did not have a permanent disability "to a reasonable medical certainty." (Depo. at 20.) The record reveals, contrary to plaintiff's argument, that this testimony was sufficiently stated in terms of probability to constitute admissible medical opinion. Stinson v. England
(1994), 69 Ohio St.3d 451.
Plaintiff's contention that Dr. Kumler could not give an opinion on causation, because he did not have a complete medical history, lacks merit. It is well established that a physician who examines a patient is competent to testify concerning the probable cause of an injury, even if he has no knowledge of other injuries suffered by the patient. Baird v.Cincinnati Transit Co. (1958), 110 Ohio App. 94. The additional medical history provided to him by defense counsel from plaintiff's own medical records, moreover, was not inconsistent with his analysis.
Plaintiff's remaining argument, that Dr. Kumler improperly referred to some of her prior injuries, is unpersuasive for the reasons set forth in the second assignment of error above. The flaw in plaintiff's argument is that it mischaracterizes the testimony. Dr. Kumler testified that the 1992 collision did not cause her rotator cuff injury. He explained that her prior injuries were relevant for purposes of making an informed diagnosis, but, contrary to plaintiff's argument, did not state that they were "possible" causes for her condition. Plaintiff's own physician, Dr. Hauser, also admitted that her prior history was relevant to diagnosing her condition, but acknowledged that she did not disclose the information to him.
Dr. Kumler's opinion was that rotator cuff injuries usually result from degenerative conditions rather than from single acute traumas. He testified the 1992 collision did not cause her condition. He did not, and was not required to, attribute a causal relationship to any other specific prior incident. It takes a complete misreading of his testimony to contend that he suggested a causal relationship between any of her prior traumatic injuries and her current condition, as plaintiff argues, because he flatly stated such injuries did not typically arise from traumatic events.
Accordingly, Johnson's first, second, and third assignments of error are overruled.
Johnson's fourth assignment of error complains that the trial court did not permit her to seek punitive damages:
 THE TRIAL COURT ERRED TO THE PREJUDICE OF PLAINTIFF-APPELLANT IN DENYING HER RIGHT TO SEEK PUNITIVE DAMAGES IN ACCORDANCE WITH CABE V. LUNICH
(1994), 70 OHIO ST.3D 598 AND BROOKRIDGE PARTY CENTER, INC. V. FISHER FOODS, INC. (1983), 12 OHIO APP.3D 130, BASED UPON DEFENDANT'S-APPELLEE'S ALCOHOL CONSUMPTION PRIOR TO AN AUTOMOBILE ACCIDENT FOR WHICH HE ADMITTED NEGLIGENCE.
This assignment lacks merit.
Johnson complains that the trial court did not permit her to inject the issue of punitive damages into this trial. She sought punitive damages based on her allegation that defendant had consumed alcohol prior to the collision. After reviewing the record, we find the trial court properly concluded that plaintiff failed to lay an adequate foundation to raise this issue at trial.
The record in this case reveals that there was no allegation in plaintiff's complaint or proof that defendant was driving while intoxicated or under the influence of alcohol, or that such condition, if it existed, caused the collision that occurred in this case. Gregory Saunders, the driver of the car in which plaintiffs were riding as passengers, testified that, immediately after the collision, he smelled alcohol about defendant and that defendant admitted to drinking. This was the entirety of her evidence. Plaintiff never amended her complaint to state a claim for punitive damages or even to allege defendant was intoxicated or under the influence of alcohol.
The trial court found that, even if believed, plaintiff's evidence was insufficient to establish the element of "actual malice" necessary to support an award of punitive damages, because there was no evidence that defendant was either intoxicated or under the influence of alcohol. As noted by the trial court, Cabe v. Lunich (1994), 70 Ohio St.3d 598, does not support her argument to the contrary. Unlike Cabe, there is no evidence in the case at bar that defendant (1) refused to take a breath alcohol test, (2) was arrested and convicted of driving under the influence of alcohol, or (3) drank four to five drinks prior to the collision.
Evidence of alcohol consumption may be properly excluded when there is no scientific evidence or expert testimony offered to establish either a concentration of alcohol exceeding statutory limits or that the driver was impaired or under the influence of alcohol at the time of the collision. Motorists Mut. Ins.Co. v. Rockwell (1990), 69 Ohio App.3d 159. When it affirmed the exclusion of evidence of alcohol consumption by a driver prior to a collision, the Rockwell Court stated as follows:
 * * * there is a glaring absence of a proffer of any scientific evidence to establish the defendant's alcohol concentration at the time of the accident and the expert testimony to establish the significance thereof.
Id. at 166-167 (citations omitted). The record in the case at bar suffers from the same "glaring absence" of such evidence.
Accordingly, Johnson's fourth assignment of error is overruled.
B. Appeal No. 73622
In Appeal No. 73622, Cave challenges the amount of damages awarded by the jury and complains that the judge stated during trial that her counsel asked a "foolish" question. Cave's first assignment of error follows:
 THE TRIAL JUDGE ABUSED ITS DISCRETION TO THE PREJUDICE OF PLAINTIFF-APPELLANT, JUANITA CAVE, IN RENDERING JUDGMENT ON THE VERDICT OF THE JURY IN THE SUM OF FIVE THOUSAND ($5,000.00) DOLLARS WHICH FAILS TO PROVIDE AN AWARD TO INCLUDE SPECIAL DAMAGES INCURRED BY THE PLAINTIFF-APPELLANT, AND FOR PAIN AND SUFFERING, BOTH PAST AND FUTURE.
This assignment lacks merit.
Defendant argues that the jury verdict was insufficient to compensate her for injuries to her head and back caused by the December 31, 1992 collision. She argues that her chiropracter bills alone exceed the total award made to her. She also argues that the award was contrary to the weight of the evidence.
It is well established that jury verdicts are presumed to be based upon the evidence presented at trial and uninfluenced by juror passion or prejudice. Prudential Ins. Co. v. Hashman
(1982), 7 Ohio App.3d 55. After reviewing the record, we find that the jury verdict is supported by, and is not against, the manifest weight of the evidence.
As noted above, the record shows that after her initial hospital emergency room visit, which cost $1,418.59, Cave sought no further treatment for several weeks. She returned to Valli Chiropractic Clinic, which had performed services for her after her prior automobile accident in 1987, and accumulated additional bills of $5,054. However, during this time, she continued bowling with perfect attendance, and, in fact, joined a second bowling league.
Although defendant did not dispute the bills, the question for the jury was whether the medical treatment performed was necessary for an injury caused by the collision. There was evidence that the accident was a low speed minor collision which resulted in very little damage to either vehicle. This evidence could sustain the theory that the impact was too small to explain the injury she claimed and thus the jury could properly conclude that some or all of her claimed damages did not result from the collision. E.g., Reder v. Antenucci (1989),62 Ohio App.3d 139; Selwyn v. McCord (Nov. 18, 1993), Cuyahoga App. No. 64066, unreported at pp. 5-6:
 A general jury verdict will be sustained unless it is clearly inconsistent with any theory provable under the issues and which the evidence tends to support. [T]he weight to be given the evidence and the credibility of the witnesses are primarily for the trier of fact . . . [a]s long as the trial court's judgment is supported by some competent, credible evidence the decision will not be reversed as being against manifest weight of the evidence.
Id. Accordingly, Cave's first assignment of error is overruled.
Cave's second assignment of error follows:
 MISCONDUCT BY THE TRIAL COURT PREVENTED THE PLAINTIFF-APPELLANT, JUANITA CAVE, FROM HAVING A FAIR TRIAL BY THE COURT'S COMMENT IN OPEN COURT.
This assignment lacks merit.
Cave's counsel complains that the trial court made an isolated comment to him during trial that he had asked a "foolish" question. This question occurred when counsel was arguing with the defendant and, disliking the answer he was getting, he sought to limit defendant on cross-examination to an "either/or" answer. The trial court stated, "Counsel, if you are asking foolish questions, let him answer." After counsel objected to the characterization of his question, the court stated "Okay."
Plaintiff has failed to show that the trial court's isolated comment caused any prejudice. First, we note that the trial court spoke in the conditional form: "if you are asking foolish questions." It did not declare the question or plaintiff's counsel to be foolish. Moreover, at trial before the jury verdict, counsel requested no curative action of any kind. Only now, belatedly after what he deems to be an adverse verdict, does he seek a new trial. Finally, the record shows that the trial court specifically instructed the jury to decide the case on the evidence and not on any impression it may have had concerning the trial judge's view of the case. (Tr. 277-279.) While the trial court certainly could have been more tactful, it takes quite a stretch of imagination to conclude that this one comment, in the course of a trial over several days, affected the jury verdict.
Accordingly, Cave's second assignment of error is overruled.
Judgments affirmed.
It is ordered that appellee recover of appellants its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
JAMES M. PORTER, P.J., and MICHAEL J. CORRIGAN, J., CONCUR.
 _______________________________ DIANE KARPINSKI JUDGE
N.B. This entry is an announcement of the court's decision. See App. R. 22(B), 22(D) and 26(A); Loc.App. R. 27. This decision will be journalized and will become the judgment and order of the court pursuant to App.R. 22(E) unless a motion for reconsideration with supporting brief, per App. R. 26(A), is filed within ten (10) days of the announcement of the court's decision. The time period for review by the Supreme Court of Ohio shall begin to run upon the journalization of this court's announcement of decision by the clerk per App. R. 22(E). See, also, S.Ct.Prac.R. II, Section 2(A)(1).
[1] The record on appeal contains only a partial transcript of proceedings. Moreover, the deposition transcripts of various experts of the parties have not been properly certified by the court reporter as the verbatim record of their trial testimony.Conway v. Ford Motor Company (1976), 48 Ohio App.2d 233. In addition to the reasons set forth below, this defect in the record provides a separate basis for rejecting the appellants' claims.