DECISION AND JOURNAL ENTRY
Plaintiff Denise Dottavio has appealed from a jury verdict awarding her damages in the amount of $6,500, as well as the Wayne County Court of Common Pleas denial of her motion for a new trial. This Court affirms.
 I.
On the morning of August 22, 1995, Plaintiff was driving her 1988 Ford Aerostar westbound on U.S. Route 30 in Wayne County. When she entered a construction zone, a flagger signaled the traffic in front of her to stop. Plaintiff slowed and had almost stopped when Christopher Shepherd, driving a 1987 Dodge Dakota, struck her vehicle from behind.
On January 23, 1997, Plaintiff filed this action in the Wayne County Court of Common Pleas. At trial, Mr. Shepherd admitted his negligence caused the collision. Thus, the issues before the jury were (1) whether the collision proximately caused Plaintiff's alleged injuries, and (2) if so, the amount of damages. The jury awarded Plaintiff $5,500 for her past medical expenses and $1,000 for past pain and suffering. Plaintiff moved for a new trial which the trial court denied. It is from this order that Plaintiff has appealed, asserting the following two assignments of error:
Assignment of Error One
 [Plaintiff] is entitled to a new trial because the verdict and judgment are contrary to law, against the manifest weight of the evidence and grossly inadequate when the amount rendered for compensatory damages for past medical bills is [less than half of the uncontroverted bills].
Assignment of Error Two
 The trial court erred as a matter of law as it abused its discretion by overruling [Plaintiff's] motion for a new trial.
These assignments of error are interrelated and will be addressed together.
 II.
A trial court is afforded broad discretion in determining the propriety of a new trial. Kluss v. Alcan Aluminum Corp. (1995),106 Ohio App.3d 528, 538. Thus, this Court is not free to reverse the denial of Plaintiff's motion for a new trial, unless it finds that the trial court's action reflected an unreasonable, arbitrary or unconscionable attitude. Brooks v. Wilson (1994),98 Ohio App.3d 301, 304, citing Cedar Bay Constr., Inc. v. Fremont (1990), 50 Ohio St.3d 19, 22. Courts find such an abuse "only in the rare instance where a decision is so grossly violative of fact and logic that it demonstrates a perverse will, a defiance of judgment, undue passion, or extreme bias." Id., citing Huffman v. Hair Surgeon, Inc. (1985), 19 Ohio St.3d 83, 87.
Civ.R. 59(A) provides in pertinent part:
 A new trial may be granted to all or any of the parties and on all or part of the issues upon any of the following grounds:
* * *
 (4) Excessive or inadequate damages, appearing to have been given under the influence of passion or prejudice;
* * *
 (6) The judgment is not sustained by the weight of the evidence; however, only one new trial may be granted on the weight of the evidence in the same case;
(7) The judgment is contrary to law;
* * *
Plaintiff has claimed that she was entitled to a new trial pursuant to Civ.R. 59(A)(6) and Civ.R. 59(A)(7) on the grounds that the jury's award of $6,500.00 was not sustained by the weight of the evidence and was contrary to law. She has argued that, as a matter of law, the size of the award indicates that the jury either misunderstood or ignored the evidence when it calculated its award. She has further asserted that because the existence of $11,623.40 in past medical expenses was uncontroverted and because their reasonableness was not directly challenged, her medical expenses were conclusively proved. See Pena v. Northeast Ohio Emergency Affiliates, Inc. (1995), 108 Ohio App.3d 96, 103. While this is generally true, Plaintiff omits an important point. Expert medical testimony is admissible only to assist the jury in determining the ultimate facts of the case. Reder v. Antenucci (1989), 62 Ohio App.3d 139, 143. The plaintiff still bears the burden of persuasion. As long as there are objectively discernible reasons why the jury may have rejected the expert medical testimony, an award less than what the "uncontroverted" medical evidence implies may withstand challenge on appeal. Id. at 145. At trial, Mr. Shepherd offered the jury such reasons.
Plaintiff called several individuals to the stand: the defendant, Mr. Shepherd; her automobile mechanic, Joe Stancato; her mother, Joyce Dottavio; and her friend, Susan Ringer. Plaintiff also took the stand on her own behalf. Mr. Shepherd's testimony was short and to the point. He indicated that he was in fact the one whose Dodge Dakota struck the Plaintiff's vehicle on August 22, 1995. Next, Mr. Stancato described the structure of both Mr. Shepherd's Dodge Dakota and Plaintiff's Aerostar. He concluded by describing the property damage to the Aerostar.
After Mr. Stancato, Plaintiff's mother testified to how she had observed Plaintiff's level of activity decrease and that she knew that her daughter's sleeping patterns have detrimentally changed since August 22, 1995. She further testified that only after that time did her daughter visibly suffer from headaches and soreness throughout the neck and shoulder region. Plaintiff's friend and co-worker corroborated the mother's statements.
The sum and substance of Plaintiff's testimony was that on some days, as a result of the collision, her pain was so intense that she thought she was "going to die." She described it as the "worst imaginable pain." She thoroughly reviewed her medical treatments and their inability to soothe her agony. She also explained to the jury that she had lost sleep and had gained weight because of the collision.
Finally, Plaintiff offered, by video-taped deposition, the expert medical testimony of Dr. Mark Pellegrino.[1] Dr. Pellegrino testified that as a result of his examination of Plaintiff, he had determined she suffered from muscle spasms and had "tender" and "trigger" points which caused her great pain. He diagnosed Plaintiff with cervical, shoulder and thoracic strains as a result of the accident. He also concluded that she had developed regional post traumatic fibromyalgia.
On appeal, Plaintiff has argued and the record supports the fact that Mr. Shepherd never directly challenged Plaintiff's medical treatments or the reasonableness of the corresponding fees. However, Mr. Shepherd solicited and offered evidence advancing a theory of exaggeration and excess. First, and in this Court's estimation, the most telling, on cross examination Plaintiff admitted that since the collision she had ridden the Skycoaster. As demonstrated by video at trial, the Skycoaster is an amusement park ride in which an individual is strapped to a harness and then hoisted by crane high into the air. The rider is then released, free falling momentarily before gliding into a gradual swing spanning several hundred feet. The Skycoaster is situated over a lake in Kennywood, Pennsylvania.
Mr. Shepherd also called Plaintiff's own treating physician, Dr. Simon. He explained, by way of video-taped deposition, the various tests he administered in his treatment of Plaintiff and the significance of their results. Dr. Simon informed the jury of the various medications he prescribed and the therapy he recommended in his effort to help Plaintiff. Moreover, he testified that numerous times over the course of Plaintiff's treatment, he anticipated that he could complete her care in just a few more weeks, only to have Plaintiff return and continue her subjective complaints of pain. Dr. Simon conceded that from almost the beginning of her treatment, Plaintiff's subjective complaints of pain never had more than a few significant, objective indicators to support them. After two or three visits, these objective indicators practically ceased to exist.
To buttress his theory, Mr. Shepherd obtained from Plaintiff an admission that after visiting a neurologist, she canceled some of her occupational therapy appointments believing she did not need the aid they offered. She had concluded those treatments were a "waste of [her] time."
Mr. Shepherd also elicited testimony which likely undermined Plaintiff's personal credibility. For example, Plaintiff testified that at the time of the accident she had no idea at what speed Mr. Shepherd was traveling when he struck her, although she had told Dr. Grimshaw and Dr. Pellegrino she had been struck by a car traveling 45 miles per hour. She explained: "Well, I don't say what I mean I guess." It was also brought out that Plaintiff had told Dr. Pellegrino that the accident had caused major damage to the Aerostar, when in fact it had not. Such statements could persuade a jury that Plaintiff struggled with veracity to say the least.
This Court concludes that, in light of the evidence discussed above, the jury may have believed that, while she was treated and that the fees for Plaintiff's medical treatment were reasonable, each and every treatment was not necessary or a proximate result of the collision on August 22, 1995. Indeed, the jury could have easily turned a deaf ear to Plaintiff's claims after considering the evidence presented in her case and the defense mounted by Mr. Shepherd. Plaintiff does, of course, always carry the burden of persuasion. Having reviewed the record and the evidence, this Court is unable to say that the trial court's decision was either contrary to the manifest weight of the evidence or contrary to law.
Turning to Plaintiff's claim that the jury fell victim to passion or prejudice as described in Civ.R. 59(A)(4), this Court notes that courts are "particularly circumspect about attributing passion or prejudice to a jury's determination of damages, a matter peculiarly in their province." Kluss,106 Ohio App.3d at 539. When reviewing whether a trial court abused its discretion in denying a Civ.R. 59(A)(4) motion, this Court must consider (1) the amount of the award, (2) whether the jury considered improper evidence, improper argument by counsel, and (3) any other inappropriate conduct which may have had an influence on the jury. Pena, 108 Ohio App.3d at 104.
In the instant case, the jury awarded Plaintiff $5,500 for medical expenses and $1,000 for pain and suffering. She had requested over $11,000 in medical expenses alone. However, as a matter of law, inadequacy resulting from passion or prejudice is not shown by the size of the verdict. See Sindel v. Toledo (1993), 87 Ohio App.3d 525, 532. In order to reverse, this Court must hold that the trial court's decision to deny Plaintiff's motion was so grossly violative of fact and logic that it demonstrated a perverse will, a defiance of judgment, undue passion or extreme bias. The record in this case bears no such attitude. As discussed above, the jury could have easily discounted the Plaintiff's subjective claims of pain considering the facts presented at trial. As Mr. Shepherd has argued, if a jury concludes that a plaintiff has exaggerated her claims of pain and that no objective signs of injury were detectable to support those claims shortly after the accident, a jury is entitled to award less than all of the medical expenses submitted at trial. Such facts, if supported by the evidence as in this case, constitute discernible, objective reasons to reject an expert's medical testimony. The conclusions of both the judge and jury were neither violative of fact and logic nor grossly disproportionate. Therefore, this Court refuses to substitute its judgment for that of the jury. The trial court did not abuse its discretion in denying Plaintiff's motion for a new trial. Plaintiff's assignments of error are without merit.
 III.
Plaintiff's assignments of error are overruled. The judgment of the trial court is affirmed.
Judgment affirmed.
 KK
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Wayne, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
Exceptions.
BETH WHITMORE FOR THE COURT SLABY, P.J.
CARR, J. CONCUR
[1] While both Plaintiff and Mr. Shepherd refer to Dr. Bhagat and Dr. Yassine in their briefs, and the two doctors' video-taped depositions appear in the file, the trial transcript, nevertheless, does not indicate that the jury heard their testimony. As such, this Court is precluded from considering their testimony on appeal.