DECISION
{¶ 1} Appellant, Aaron L. Zirkle, appeals from a judgment of the Franklin County Court of Common Pleas finding him to be a sexual predator and sets forth the following assignment of error:
 {¶ 2} "THE TRIAL COURT ERRED TO THE PREJUDICE OF THE APPELLANT IN THAT THE EVIDENCE IS INSUFFICIENT, AS A MATTER OF LAW, TO PROVE `BY CLEAR AND CONVINCING EVIDENCE' THAT APPELLANT IS `LIKELY TO ENGAGE IN THE FUTURE IN ONE OR MORE SEXUALLY ORIENTED OFFENSES.'"
 {¶ 3} On November 28, 2001, appellant pled guilty to two counts of gross sexual imposition in violation of R.C. 2907.05. The charges were based upon allegations that appellant had unlawful sexual contact with his two biological daughters, aged twelve and ten at the time of the offenses.
 {¶ 4} At appellant's sexual offender classification hearing on April 12, 2002, the court admitted a presentence investigation report and a tape of a conversation between appellant and the twelve-year-old victim. During the taped conversation, appellant admitted to engaging in misconduct with his daughter and told her that he would go to jail if she told anyone.
 {¶ 5} Appellant's psychologist, Dr. Charles Gerlach, testified on appellant's behalf. At the time of the hearing, Dr. Gerlach had been meeting with appellant once or twice a week for approximately five months and had administered psychological tests. Dr. Gerlach testified that it is very important for a patient who has committed a sexual offense to admit his wrongdoing in order to be successful in therapy. He acknowledged, however, that in the first couple of months of treatment appellant maintained that he had only pled guilty to avoid jail time, that he was completely innocent, and that he had a good relationship with his daughters. Appellant continued to deny that he did anything wrong even after he and Dr. Gerlach listened together to the tape recording in which appellant apologized to his daughter for his sexual misconduct. Dr. Gerlach testified that appellant first admitted to misconduct on January 24, 2002, more than two months into the therapy. Appellant eventually admitted to Dr. Gerlach that he got on top of his older daughter and touched her legs and breasts, but he denies that he rubbed the outside of her vagina, masturbated in front of her or talked inappropriately to her as she alleged. He denies any inappropriate conduct with his younger daughter.
 {¶ 6} Dr. Gerlach testified that appellant admitted to having an alcohol and drug abuse problem for most of his life, although at the time of the hearing he had not been drinking for approximately one year and he had not been using marijuana for three months.
 {¶ 7} Dr. Gerlach testified that he had "found no evidence that [appellant] has any characteristics of being a sexual predator." Dr. Gerlach admitted, however, that his opinion was based upon his clinical perspective and that he could not state the legal definition of sexual predator.
 {¶ 8} By his assignment of error, appellant contends that the finding that he is a sexual predator is not supported by clear and convincing evidence. Appellant argues that the trial court improperly disregarded Dr. Gerlach's opinion that appellant was not likely to re-offend. Appellant further argues that several of the factors set forth in R.C. 2950.09(B)(2) weigh in appellant's favor.
 {¶ 9} A sexual predator is defined in R.C. 2950.01(E) as:
 {¶ 10} "(E) * * * [A] person who has been convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses."
 {¶ 11} R.C. 2950.09(B)(3) states in part:
 {¶ 12} "(3) After reviewing all testimony and evidence presented at the hearing conducted under division (B)(1) of this section and the factors specified in division (B)(2) of this section, the judge shall determine by clear and convincing evidence whether the offender is a sexual predator. * * *"
 {¶ 13} Thus, the statute requires the court to find by clear and convincing evidence that an offender is likely to commit a sexually-oriented offense in the future. "Stated differently, the standard is whether there exists proof that produces a firm belief or conviction that an offender will more likely than not commit another sex offense in the future." State v. Ward (Jan. 28, 1999), Cuyahoga App. No. 72371, unreported.
 {¶ 14} In deciding whether a defendant is a sexual predator, the court must consider the following factors set forth in R.C. 2950.09(B)(2):
 {¶ 15} "(2) In making a determination under divisions (B)(1) and (3) of this section as to whether an offender is a sexual predator, the judge shall consider all relevant factors, including, but not limited to, all of the following:
 {¶ 16} "(a) The offender's age;
 {¶ 17} "(b) The offender's prior criminal record regarding all offenses, including, but not limited to, all sexual offenses;
 {¶ 18} "(c) The age of the victim of the sexually oriented offense for which sentence is to be imposed;
 {¶ 19} "(d) Whether the sexually oriented offense for which sentence is to be imposed involved multiple victims;
 {¶ 20} "(e) Whether the offender used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;
 {¶ 21} "(f) If the offender previously has been convicted of or pleaded guilty to any criminal offense, whether the offender completed any sentence imposed for the prior offense and, if the prior offense was a sex offense or a sexually oriented offense, whether the offender participated in available programs for sexual offenders;
 {¶ 22} "(g) Any mental illness or mental disability of the offender;
 {¶ 23} "(h) The nature of the offender's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;
 {¶ 24} "(i) Whether the offender, during the commission of the sexually oriented offense for which sentence is to be imposed, displayed cruelty or made one or more threats of cruelty;
 {¶ 25} "(j) Any additional behavioral characteristics that contribute to the offender's conduct."
 {¶ 26} Appellant pled guilty to two counts of gross sexual imposition, which are sexually-oriented offenses. The trial court determined that several factors supported sexual predator classification. The court noted that there were multiple victims. The court also noted that the young ages of the victims and their familial relationship to appellant factored in favor of a sexual predator determination. The trial court also noted that psychological tests indicated that appellant does not have a consistent approach to problem solving, that he acts impulsively, and that his feelings tend to dominate how he makes decisions. Even appellant's attorney conceded in his closing argument that "the facts in this case are such that the court can make a finding either way."
 {¶ 27} With regard to Dr. Gerlach, we note that the trier of fact is free to disregard or disbelieve appellant's evidence, including the testimony of appellant's expert. Reder v. Antenucci (1989),62 Ohio App.3d 139, 144. Furthermore, although Dr. Gerlach opined that appellant does not have the characteristics of a sexual predator, he acknowledged that his opinion was based upon his clinical perspective and not upon the legal definition. The evidence also demonstrates that appellant had not always been truthful with Dr. Gerlach about his actions and that, at the time of the hearing, appellant still denied to Dr. Gerlach any misconduct with his youngest daughter, even though he had pled guilty to gross sexual imposition based upon this conduct.
 {¶ 28} We conclude that there is clear and convincing evidence that appellant is a sexual predator, as there was evidence as to several of the factors set forth in R.C. 2950.09(B)(2). For the forgoing reasons, appellant's assignment of error is overruled and the judgment of the Franklin County Court of Common Pleas is affirmed.
Judgment affirmed.
BRYANT and McCORMAC, JJ., concur.
McCORMAC, J., retired of the Tenth Appellate District, assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution.