DECISION
{¶ 1} Appellant, Bruce A. Washburn, appeals from a judgment of the Franklin County Court of Common Pleas finding him to be a sexual predator.
 {¶ 2} In 1980, appellant entered a guilty plea to attempted rape in Erie County. In 1984, appellant was tried and convicted in the instant case on two counts of rape and two counts of sexual imposition. The victim testified at trial that appellant forced her onto a bed, bit her breast, and put a pillow over her head when she began to scream. The victim further testified that appellant put his belt around her neck, told her: "[Y]ou better shut up or I'm going to use this on you," and tightened the belt so that she could not breathe.
 {¶ 3} In December 2001, the trial court conducted a hearing to determine whether appellant is a sexual predator. By stipulation of the parties, the court admitted several documents, including a December 10, 2001 letter from Roger Runser, the licensed social worker who served as appellant's mental health liaison since April 1998. Runser concluded as follows:
 {¶ 4} "* * * I feel that Washburn's past lifestyle, substance abuse and pleasure-seeking behavior contributed to him committing his offenses nearly two decades ago. Washburn has matured a great deal since he has been incarcerated and has much potential to make a positive contribution to society in the future. If he maintains a positive direction and refrains from using illicit drugs and alcohol, I feel he will have a successful future."
 {¶ 5} The court also admitted by stipulation a December 11, 2001 prognosis letter from Dr. Sandra Vonderembse, a psychiatrist, who opined that, "[b]ased on the two years that I have known Mr. Washburn, I feel that it is highly unlikely that Mr. Washburn would in any way become a repeat offender."
 {¶ 6} Upon examination at the hearing, Dr. Vonderembse testified that she reached her conclusion in part because appellant told her that he does not want to get back into his old routine of drug and alcohol abuse after he is released from prison. She admitted, however, that, while in prison, appellant has not been exposed to the same opportunity to be tempted by alcohol that he will face once he is released. Dr. Vonderembse did not administer psychological testing. She acknowledged, however, that the results from appellant's 1996 Minnesota Multiphasic Personality Inventory ("MMPI") demonstrated that appellant has a strong tendency toward substance abuse. With regard to the probability that appellant would offend again, Dr. Vonderembse testified as follows:
 {¶ 7} "THE COURT: Let's take Mr. Washburn, Mr. Washburn with his background, his psychological background and background of two rape convictions, is it — let's take a fifty-fifty thing. Is it more likely or less likely, 51 percent is more likely, 49 percent is less likely, that he would recidivate, knowing that he does this when he is on alcohol and he has a substance abuse problem and a tendency toward substance abuse, is it more likely than not that he will recidivate?
 {¶ 8} "DR. VONDEREMBSE: Yes." (Tr. at 21.)
 {¶ 9} By judgment entry dated February 28, 2002, the trial court concluded that appellant is a sexual predator. In reaching its conclusion, the court made the following findings:
 {¶ 10} "1) The offender has been convicted of two sexually oriented offenses (1980 and 1984); one assault and battery upon a police officer (1978); and one resisting arrest (1980). The Defendant has also been convicted of at least two other alcohol related offenses (Rev. Code2950.09(2)(b));
 {¶ 11} "2) Both victims of the assault were young women under the age of twenty-one (Rev. Code 2950.09(2)(c));
 {¶ 12} "3) The Defendant was released on parole for his first sexually oriented offense and committed his second offense only three years after being released on parole. The Defendant did not participate in available programs for sexual offenders while in prison or after he was released.
 {¶ 13} "4) Pursuant to the 1996 psychological report (State's Exhibit 7) the Defendant is immature, self-indulgent, resentful and has a strong tendency toward substance abuse. The Defendant's `prognosis of further legal difficulty when he is returned to the streets seems, at this point [1996] to be best described as being very guarded' (State's Ex. 7 at P.5). The Defendant has refused admission in sex offender programs because he denied wrong in the case (Rev. Code 2950.09(g));
 {¶ 14} "5) In both sexual assaults the Defendant showed abuse toward the victims. He threatened victims; choked and hit the 1980 victim; and bit the breasts of both victims. (Rev. Code 2950.09(h)(i));
 {¶ 15} "6) Dr. Vonderembse testified that considering the Defendant's history of alcohol abuse; his denial of the offenses and refusal to enter sex offender programs; and his multiple victims; he is more likely to engage in sexually oriented offenses in the future than someone who does not have the Defendant's background."
 {¶ 16} Appellant now sets forth the following assignment of error:
 {¶ 17} "The trial court erred in finding Appellant to be a sexual predator."
 {¶ 18} A sexual predator is defined in R.C. 2950.01(E) as:
 {¶ 19} "(E) * * * [A] person who has been convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses."
 {¶ 20} R.C. 2950.09(B)(3) states in part:
 {¶ 21} "(3) After reviewing all testimony and evidence presented at the hearing conducted under division (B)(1) of this section and the factors specified in division (B)(2) of this section, the judge shall determine by clear and convincing evidence whether the offender is a sexual predator. * * *"
 {¶ 22} Thus, the statute requires the court to find by clear and convincing evidence that an offender is likely to commit a sexually-oriented offense in the future. "Stated differently, the standard is whether there exists proof that produces a firm belief or conviction that an offender will more likely than not commit another sex offense in the future." State v. Ward (Jan. 28, 1999), Cuyahoga App. No. 72371, unreported.
 {¶ 23} In deciding whether a defendant is a sexual predator, the court must consider the following factors set forth in R.C. 2950.09(B)(2):
 {¶ 24} "(2) In making a determination under divisions (B)(1) and (3) of this section as to whether an offender is a sexual predator, the judge shall consider all relevant factors, including, but not limited to, all of the following:
 {¶ 25} "(a) The offender's age;
 {¶ 26} "(b) The offender's prior criminal record regarding all offenses, including, but not limited to, all sexual offenses;
 {¶ 27} "(c) The age of the victim of the sexually oriented offense for which sentence is to be imposed;
 {¶ 28} "(d) Whether the sexually oriented offense for which sentence is to be imposed involved multiple victims;
 {¶ 29} "(e) Whether the offender used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;
 {¶ 30} "(f) If the offender previously has been convicted of or pleaded guilty to any criminal offense, whether the offender completed any sentence imposed for the prior offense and, if the prior offense was a sex offense or a sexually oriented offense, whether the offender participated in available programs for sexual offenders;
 {¶ 31} "(g) Any mental illness or mental disability of the offender;
 {¶ 32} "(h) The nature of the offender's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;
 {¶ 33} "(i) Whether the offender, during the commission of the sexually oriented offense for which sentence is to be imposed, displayed cruelty or made one or more threats of cruelty;
 {¶ 34} "(j) Any additional behavioral characteristics that contribute to the offender's conduct."
 {¶ 35} In reviewing a sexual predator finding, an appellate court "must examine the record to determine whether the trier of fact has sufficient evidence before it to satisfy the clear and convincing standard." State v. Gardner (Nov. 16, 2000), Franklin App. No. 00AP-93.
 {¶ 36} By his assignment of error, appellant contends that his mental health liaison and his psychiatrist provided evidence that appellant would not offend again. Appellant argues that the court erred by ignoring these conclusions and, instead, improperly focused upon factors that existed at the time of appellant's conviction 18 years ago.
 {¶ 37} As an initial matter, we note that the trial court weighs the evidence and assesses the credibility of the witnesses, including expert witnesses. The trier of fact is free to disregard or disbelieve appellant's evidence, including appellant's experts. Reder v. Antenucci (1989), 62 Ohio App.3d 139, 144.
 {¶ 38} We also find that the conclusions of the two corrections employees are less uniformly supportive than appellant suggests. Roger Runser, appellant's mental health liaison, notes that he is not a licensed independent social worker and that he does not have any special training in the area of sex offenders. Runser's positive assessment of appellant is contingent upon whether appellant "maintains [a] positive direction and refrains from using illicit drugs and alcohol." Dr. Vonderembse admitted that her opinion is based upon appellant's statements to her that he wants to avoid drugs and alcohol after he is released, a commitment that has yet to be tested. Dr. Vonderembse also admitted that the results of appellant's MMPI indicate that appellant has several recidivism risk factors.
 {¶ 39} We conclude that there is clear and convincing evidence that appellant is a sexual predator, as there is evidence as to several of the factors set forth in R.C. 2950.09(B)(2). Among other things, appellant committed his second sexually oriented offense while he was on parole for the first sexually oriented offense, the evidence demonstrates that appellant put a pillow over the face and a belt around the neck of one of his victims, and, according to his MMPI, appellant has a strong tendency toward substance abuse, an environmental factor in appellant's prior sexual offenses.
 {¶ 40} Finally, we note that appellant is entitled, pursuant to R.C. 2950.09(D)(1), to petition the court for a determination that he is no longer a sexual predator after the expiration of the applicable period of time. At that time, appellant may be able to offer evidence that he was able to follow through with his intention to avoid drugs and alcohol.
 {¶ 41} For the foregoing reasons, appellant's assignment of error is overruled, and the judgment of the Franklin County Court of Common Pleas is affirmed.
Judgment affirmed.
TYACK, P.J., and KLATT, J., concur.